IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

vs.                                               Civ. No. 15-879 KG/KK

STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff EEOC's Partial Motion for Summary Judgment (Partial Motion for Summary Judgment), filed February 10, 2016, and Defendant New Mexico Department of Corrections' Rule 56(d) Declaration in Opposition to Plaintiff Equal Employment Opportunity Commission's Motion and Memorandum in Support of Partial Summary Judgment (Rule 56(d) Motion), filed March 14, 2016.  (Docs. 26 and 41).  Plaintiff filed a response to the Rule 56(d) Motion on April 14, 2015, and Defendant filed a reply to that response on May 9, 2016.  (Docs. 54 and 70).  Also, before the Court is Plaintiff EEOC's Motion and Memorandum to Stay Discovery on EEOC's Prelitigation Obligations (Motion to Stay), filed on May 25, 2016.  (Doc. 79).  Defendant filed a response to the Motion to Stay on June 8, 2016, and Plaintiff filed a reply to that response on June 27, 2016.  (Docs. 83 and 90).  Having reviewed the Partial Motion for Summary Judgment, the Rule 56(d) Motion, the Motion to Stay, and the briefing accompanying each of those motions, the Court (1) denies the Partial Motion for Summary Judgment without prejudice, (2) grants the Rule 56(d) Motion, and (3) denies the Motion to Stay as moot.

*Background*

On February 8, 2016, the parties filed a Supplemental Joint Status Report and Proposed Discovery Plan in which the parties agreed to conduct discovery in phases. (Doc. 25). Phase I of discovery would allow Plaintiff to engage in discovery to identify additional aggrieved individuals and would allow Defendant to engage in discovery related to pre-litigation matters such as Plaintiff's pre-filing investigation and conciliation efforts. *Id.* at 1. The parties further agreed to begin this discovery immediately and to end it on August 31, 2016. *Id.* at 2. Defendant would also be allowed to file a dispositive motion based on the Phase I discovery no later than a month after the close of the Phase I discovery. *Id.* at 4.

On February 10, 2016, Plaintiff filed its Partial Motion for Summary Judgment. (Doc. 26). Plaintiff moves the Court to find as a matter of law that (1) it fulfilled pre-litigation requirements as to the charging parties and the class of other aggrieved individuals; and (2) the statute of limitations does not bar Plaintiff's Age Discrimination in Employment Act suit. *Id.* at 1. Plaintiff, therefore, requests summary judgment on Defendant's First, Second, Third, Fourth, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses. *Id.* at 1-2.

On February 18, 2016, the Magistrate Judge adopted the Supplemental Joint Status Report and Proposed Discovery Plan with some modifications. (Doc. 33). The Magistrate Judge ordered that the parties engage in Phase I discovery as described above and specified that such discovery will terminate on August 31, 2016, and that Defendant must file its dispositive motion related to the Phase I discovery by September 30, 2016.

On March 14, 2016, Defendant filed the Rule 56(d) Motion in response to the Partial Motion for Summary Judgment. Defendant included Ellen Casey's declaration to support the Rule 56(d) Motion. Defendant argues that because Phase I discovery is currently underway

Defendant has not had the opportunity to discover information necessary to fully respond to the Partial Motion for Summary Judgment.  Defendant, therefore, requests that the Court either (1) deny the Partial Motion for Summary Judgment without prejudice to re-filing the motion after Defendant completes Phase I discovery, or (2) allow Defendant to respond to the Partial Motion for Summary Judgment after the close of Phase I discovery and after Defendant has filed its Phase I dispositive motion.  (Doc. 41) at 3.  Plaintiff opposes the Rule 56(d) Motion.

On May 25, 2016, Plaintiff filed its Motion to Stay.  Plaintiff requests first that the Court stay the Phase I discovery until after the Court rules on the Rule 56(d) Motion.  Second, should the Court deny the Rule 56(d) Motion, Plaintiff requests that the Court continue the stay of the Phase I discovery until after the Court rules on the Partial Motion for Summary Judgment.  Defendant opposes the Motion to Stay.

*Discussion*

Under Fed. R. Civ. P. 56(d), if a party shows by affidavit that it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  To obtain relief under Rule 56(d), the party seeking additional time to conduct discovery must "present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts.  The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.'"  *FDIC v. Arciero,* 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006)).  "Unless dilatory or lacking in merit," a party's Rule 56(d) request "should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993) (internal quotation marks and citations omitted).  The decision to

grant additional discovery under Rule 56(d) is within the district court's discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.,* 742 F.2d 1260, 1264 (10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.,* 116 F.Supp.2d 1184, 1194 (D.Colo. 2000) ("The district courts exercise discretion in deciding whether to grant a [Rule 56(d) ] motion.").

The Court finds it odd that Plaintiff agreed to the Phase I discovery, but then two days later filed the Partial Summary Judgment Motion based on issues to be addressed by the Phase I discovery and subsequently opposes Defendant's request to complete the Phase I discovery before responding to the Partial Summary Judgment Motion. The Court further notes that Defendant's request to complete the Phase I discovery by the end of August before responding to the Partial Motion for Summary Judgment does not constitute a dilatory action, especially since Plaintiff agreed to terminate Phase I discovery at that time and the Magistrate Judge has so ordered. The Court also finds that Casey's declaration sufficiently supports the Rule 56(d) Motion. For these reasons, the Court, in exercising its discretion, will grant the Rule 56(d) Motion and deny the Partial Motion for Summary without prejudice to Plaintiff re-filing it after the close of the Phase I discovery. Because the Court grants the Rule 56(d) Motion, the Motion to Stay is now moot and will be denied as such.

IT IS ORDERED that

1. Defendant New Mexico Corrections Department's Rule 56(d) Declaration in Opposition to Plaintiff Equal Employment Opportunity Commission's Motion and Memorandum in Support of Partial Summary Judgment (Doc. 41) is granted;

2. Plaintiff EEOC's Partial Motion for Summary Judgment (Doc. 26) is denied without prejudice to Plaintiff re-filing the motion at the close of the Phase I discovery on August 31, 2016; and

3. Plaintiff EEOC's Motion and Memorandum to Stay Discovery on EEOC's Prelitigation Obligations (Doc. 79) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE