**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

**Plaintiff,**

**-vs-**                                    **No. 1:15-cv-00879 KG/KK**

**NEW MEXICO CORRECTIONS DEPARTMENT,**

**Defendant.**

**AFFIDAVIT OF ALISSON SAFIR SJUE**

COUNTY OF SANTA FE            )
                              ) ss.
STATE OF NEW MEXICO           )

Alisson Safir Sjue, being duly sworn upon her oath, deposes and states as follows:

(1)     I am over the age of 18 years and am competent to make this declaration.  I make this declaration in support of New Mexico Corrections Department's ("NMCD") Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(c)(4).  I have personal knowledge of the facts stated herein and, if called to do so, I could and would competently testify hereto.

(2)     From 2013-2015, I was the Equal Employment Opportunity Officer ("EEO Officer") for NMCD.

(3)     As the EEO Officer at NMCD, my job responsibilities included investigating and responding to internal NMCD employee complaints and external EEO complaints by NMCD employees with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Division.

(4)     In order to perform my job duties as the EEO Officer at NMCD, I was required to familiarize myself with all then-pending EEOC matters involving NMCD when I started as the

**EXHIBIT 2**

EEO Officer in 2013.  This included the above-referenced matter.  I also testified in the above-referenced matter as a Rule 30(b)(6) witness for NMCD.  From my review of the correspondence and other documents involving the EEOC and the NMCD during the charge, investigation, and conciliation stages of the above-referenced matter, through litigation, I have personal knowledge of the matters set forth in this affidavit.

(5)     NMCD operates six different "correctional facilities" throughout the State of New Mexico.  NMCD has two additional facilities relating to probation and parole and central office operations.  Each correctional facility has a Warden and one or more Deputy Wardens.

(6)     Charging parties Robert Tenorio, Richard Henderson, and Paul Martinez worked at Central New Mexico Correctional Facility ("CNMCF") in Los Lunas at all relevant times and the allegations in their administrative charges of age discrimination arose out of events occurring while they were employed at CNMCF.

(7)     Anthony Romero was the Warden of CNMCF from 2009 until 2011 when he transferred to Penitentiary New Mexico to become Deputy Warden, and then subsequently, the Deputy Division Director of NMCD's Adult Prisons Division at the Central Office in Santa Fe.

(8)     Richard Henderson filed his first EEOC Charge of Discrimination ("COD") against NMCD on August 25, 2010, alleging that he had been discriminated against by Mr. Romero and denied a promotion at CNMCF on the basis of age in violation of the ADEA.

(9)     On May 13, 2011, Mr. Henderson filed what he characterized as an "Amended Charge" in which he claimed he was "removed from his post" and subjected to an "internal investigation" at CNMCF in retaliation for filing his original Charge.

(10)     NMCD responded to Henderson's COD on September 24, 2010 and to his "amended" COD on May 23, 2011.

2

(11)     Robert Tenorio filed his first administrative charge against NMCD on September 24, 2010, checking the boxes for "age discrimination" and "retaliation" and premising his charge on allegations of "adverse employment actions" by Mr. Romero, all of which occurred at CNMCF. The NMCD responded to Tenorio's COD on December 30, 2010.

(12)     Mr. Tenorio filed a second administrative charge in June 2011 in which he asserted he was retaliated against for being "a witness in another [Henderson's] EEOC investigation."  The NMCD responded to Tenorio's second COD on July 6, 2011.

(13)     In May of 2012, Mr. Tenorio purported to "amend" his June 2011 charge by claiming he had been denied unidentified "promotions" to three warden positions in retaliation for the filing of his June 2011 COD.  NMCD responded to Tenorio's amended COD on May 24, 2012.

(14)     Paul Martinez filed an administrative charge against NMCD on September 12, 2013, alleging discrimination based on age as a result of not receiving a promotion.  NMCD responded to Martinez's COD on November 4, 2013.

(15)     The EEOC advised NMCD that it would be investigating the Henderson Charge (No. 543-2010-01360) on or about September 3, 2010.  *See* Notice of Charge of Discrimination, attached as Exh. A.

(16)     The EEOC advised NMCD that it would be investigating the Tenorio Charge (No. 39B-2011-0158) on or about November 9, 2010.  *See* Notice of Charge of Discrimination, attached as Exh. B.

(17)     The EEOC advised NMCD that it would be investigating the Martinez Charge (No. 543-2013-01212) on or about September 27, 2013.  *See* Notice of Charge of Discrimination, attached as Exh. C.

(18)     On October 7, 2010, EEOC (referencing Henderson Charge No. 543-2010-01360) requested information from NMCD regarding COs who sought promotions within NMCD.  *See* Letter from EEOC to Smith (10/7/10), attached as Exh. D.  Before responding to the request, NMCD confirmed with the EEOC that the information sought by EEOC was limited only to the lieutenant rank and above at CNMCF where Mr. Henderson and the only "discriminator" ever identified by Henderson in his administrative charges (then-Warden Romero) was employed.  *See* Email from Smith to Valdez (10/25/10), attached as Exh. E.  NMCD provided the additional information requested by the EEOC for lieutenants and higher on November 5, 2010 for only the CNMCF facility.  *See* Letter from Smith to Valdez (11/05/10), attached as Exh. F.

(19)     In May 2011, EEOC Investigator Jeff Stuhlmann requested to interview Anthony Romero, Robert Trujillo, Joe Garcia, Robert Tenorio, and Larry Phillips at CNMCF (where all were employed) as part of the investigation of Henderson's COD (No. 543-2010-1360).  *See* Emails Between NMCD & EEOC, attached as Exh. G.

(20)     The intake notes/affidavits created by EEOC investigator Stuhlmann from these May 2011 interviews reflect that the EEOC was investigating the allegations made by Henderson against Mr. Romero while both were employed at CNMCF.  *See* Interview Notes, attached as Exh. H.

(21)     On October 26, 2011, EEOC Investigator Stuhlmann (referencing Henderson's COD) requested that NMCD provide additional information including, *inter alia*, a list of employees and a list of complaints of discrimination generally made by all NMCD employees. *See* Email from Stuhlmann to Smith (10/26/11), attached as Exh. I.  In its response, NMCD's EEO Officer Vivian Smith questioned the scope of the request and asked that the scope and timeframe of the request be narrowed.  *See* Email from Smith to Stuhlmann (10/27/11), attached as Exh. J.

4

EEOC agreed to limit the request to CNMCF and the time period in which Mr. Romero was the CNMCF Warden.  *See* Email from Stuhlmann to Smith (10/27/11), attached as Exh. K.  NMCD responded to the request on November 17, 2011.  *See* Letter from Smith to Stuhlmann (11/17/11), attached as Exh. L.

(22)    In April 2012, EEOC requested additional details regarding its October 26, 2011 request for information including, *inter alia*, a list of CNMCF employees and a list of complaints of discrimination made by CNMCF employees (during the time frame that Mr. Romero was CNMCF Warden), and also asked to interview the following individuals at CNMCF, Heather Gonzales, Joe Garcia, Danny Sedillo, Ben Lujan, Joe Alaniz, Richard Henderson, Manuel Pacheco, and Carlos Valdez.  *See* Emails from Stuhlmann to Safir (4/26/11 – 4/27/11), attached as Exh. M.  Subsequently, interviews were scheduled for everyone other than Mr. Pacheco and Carlos Valdez.  *See* Email from Smith to Stuhlmann (4/30/12), attached as Exh. N.

(23)    The intake notes/affidavits created by EEOC investigator Stuhlmann from these interviews reflect that EEOC was investigating the allegations of age discrimination and retaliation made by Henderson and Tenorio against Mr. Romero.  *See* Interview Notes, attached as Exh. O.

(24)    In May and June 2012, EEOC conducted phone interviews with CNMCF employees, Daniel Sedillo, Carlos Valdez, Larry Phillips, and James Lopez regarding Tenorio and Henderson's allegations.  *See* Interview Notes, attached as Exh. P.

(25)    On May 24, 2013, two and half years into investigation of Tenorio and Henderson CODs, EEOC sent a letter to NMCD in which it indicated that it was expanding the Tenorio investigation to include investigating "alleged discrimination against a class of individuals, encompassing the entire State of New Mexico under the Age Discrimination in Employment Act"

and requesting a list of all employees *at CNMCF* including birth dates and home addresses and telephone numbers.  *See* Letter from EEOC to NMCD (5/24/13), attached as Exh. Q.

(26)    As the NMCD EEO Officer communicating with EEOC Investigator Stuhlmann, I understood this letter to indicate that, in addition to investigating the allegations of Tenorio and Henderson against Anthony Romero at CNMCF, the EEOC was opening up an investigation into *all* other New Mexico state agencies (not just the NMCD).

(27)    On May 15, 2013, EEOC Investigator Stuhlmann requested the personnel files of Anthony Romero and Henderson.  *See* Email from Stuhlmann to Safir (5/15/13), attached as Exh. R.

(28)    On June 11, 2013, after nearly three years of investigation, the EEOC requested a list of all NMCD employees from January 1, 2010 to June 2013, including, *inter alia*, names, dates of birth and hire, position, supervisor name, and last known address, email address, and phone number.  *See* Email from Stuhlmann to Safir (06/11/13), attached as Exh. S.  NMCD provided all requested information in response to an EEOC administrative subpoena.  *See* Email from Safir to Stuhlmann (07/23/13), attached as Exh. T.

(29)    In August 2013, EEOC, for the first time, sent out letters to each NMCD employee included in the June 21, 2013 employee list provided by NMCD soliciting contacts with NMCD employees for EEOC's investigation who believed they had experienced or witnessed incidents of age discrimination while employed at NMCD.  *See* EEOC Letter to "Current/Former NMCD Employee[s]" (8/1/13), attached as Exh. U.

(30)    On September 26, 2013, EEOC issued Reasonable Cause Determinations ("RCDs") on the Henderson Charge (No. 543-2010-01360) and Tenorio Charges (Nos. 543-2011-00991 and 39B-2011-00158).  *See* Reasonable Cause Determinations, attached as Exh. V.

(31)     EEOC's RCDs on the Tenorio and Henderson Charges made essentially identical boilerplate assertions as to the discrimination allegedly engaged in by NMCD with regard to Messrs. Henderson and Tenorio.  *See id.*

(32)     The RCDs' recitation of NMCD's alleged wrongdoing in relation to Tenorio and Henderson, for the first time, advised NMCD of EEOC's assertion that unidentified "other aggrieved individuals" had been discriminated against by NMCD based on their age in the same boilerplate language in which the RCDs described the potential discrimination affecting Tenorio and Henderson.  *See id.*

(33)     The only wrongdoer NMCD understood EEOC was looking at in the Tenorio and Henderson charge investigations was Anthony Romero during the time period Mr. Romero was Warden at CNMCF.

(34)     In an e-mail sent to me on April 16, 2014, the EEOC asserted it had "currently identified" and proposed to conciliate the claims of "a total of sixteen class members," none of whom were "identified" to NMCD.  The EEOC demanded damages totaling approximately $2.159 million "for both identified [to EEOC but not NMCD] class members and an unknown number of *unidentified class members*."  *See* Email from Stuhlmann to Safir (4/16/14), attached as Exh. W (emphasis added).

(35)     The relevant time period for the claims/claimants referenced by EEOC in the first conciliation email was July 16, 2010 to September 26, 2013.  *See id.*

(36)     On May 6, 2014, NMCD requested information from EEOC regarding, *inter alia*: (a) the identities of the "class" members; (b) how the proposed damages demand had been calculated; (c) what NMCD had done to discriminate against the non-charging and wholly unidentified "aggrieved individuals"; and (d) the grounds relied on by the EEOC for its conclusion

that any individuals, besides Messrs. Henderson and Tenorio, were somehow "aggrieved" by age discrimination. *See* Letter from Safir to Stuhlmann (5/6/14), attached as Exh. X.

(37)    On July 1, 2014, EEOC, for the first time, identified 11 allegedly aggrieved individuals (in addition to Henderson and Tenorio) and asserted that three additional individuals "wished to remain anonymous." *See* Letter from Stuhlmann to Safir (7/1/14), attached as Exh. Y.

(38)    The 11 aggrieved individuals identified in the July 1, 2014 letter included Theodore Gray, Donald Guy, Conrad Romero, Paul Martinez, Larry Phillips, Albert Herrera, Ben Lujan, Marilyn Lujan, Antoinette Gutierrez, Robert Trujillo, and Rich Chilelli. *See id.* Prior to its receipt of the letter, NMCD had no notice or knowledge that any of these current or former NMCD employees claimed to have experienced any form of age discrimination. *See* Interview Notes, attached as Exh. Z.

(39)    The EEOC's July 1, 2014 letter explained that the "unidentified class" consisted of persons who *may have been subjected to discrimination and retaliation* from July 10, 2010 to September 26, 2013 in "correctional facilities statewide." *See* Exh. Y. The EEOC also sought $45,000 in damages for each of the unidentified and uninvestigated class members that the EEOC "estimated" it might find if "additional resources were expended." *See id.* EEOC acknowledged it had neither investigated nor had knowledge of any of the claims/claimants belonging to this hypothetical unknown (to EEOC or the NMCD) group, but believed it might find 11 additional aggrieved whose claims arose during the relevant time period, if it investigated. *See id.*

(40)    On July 14, 2014, the NMCD declined the EEOC's offer of conciliation. *See* Email from Safir to Stuhlmann (07/14/14), attached as Exh. AA.

(41)    In a letter dated September 26, 2014, the EEOC sent a revised conciliation proposal in which it "recalculated" the back pay for the now 13 (including the Charging Parties) identified

"aggrieved individuals" and "three individuals who wish to remain anonymous" that made up the "identified class" from $493,368 to $894,621.  *See* Letter from Newton to Safir (9/26/14), attached as Exhibit BB; Interview Notes, attached as Exh. CC.

(42)    In September 2014, the EEOC asserted that, if it had done an investigation it believed it would find and "unidentified class of approximately 11 additional potentially aggrieved individuals" for whom it demanded $615,051.93, and that Mr. Tenorio likely had some $331,259 in additional damages that he was entitled to, plus attorney fees, all for unknown and unexplained reasons. *Id.*

(43)    The NMCD declined the EEOC's conciliation offer on October 7, 2014.  *See* Letter from Safir to Stuhlmann (10/7/14), attached as Exhibit DD.

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

_____
ALISSON SAFIR SJUE


SUBSCRIBED AND SWORN TO before me on this _____ day of August, 2017 by Alisson Safir Sjue, who appeared before me and who is known to me,

_____
Notary Public


My Commission Expires:


_____

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| **NEW MEXICO CORRECTIONS DEPT.**<br>1328 Morris Rd.<br>Los Lunas, NM 87031 | **Richard Henderson** |

| THIS PERSON *(check one or both)* |
|---|
| [X] Claims To Be Aggrieved |
| [ ] Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**543-2010-01360**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| [ ] Title VII of the Civil Rights Act (Title VII) | [ ] The Equal Pay Act (EPA) | [ ] The Americans with Disabilities Act (ADA) |
|---|---|---|
| [X] The Age Discrimination in Employment Act (ADEA) | [ ] The Genetic Information Nondiscrimination Act (GINA) | |

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **27-SEP-10** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **10-SEP-10** to **Christopher R. Venegas, ADR** *Mediator* r, at **(505) 248-5183** if you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Jacob E. Valdez,
**Office Automation Asst**
*EEOC Representative*

*Telephone* **(505) 248-5180**

**Albuquerque Area Office**
505 Marquette, N.W.
Suite 900
Albuquerque, NM 87102

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| [ ] Race | [ ] Color | [ ] Sex | [ ] Religion | [ ] National Origin | [X] Age | [ ] Disability | [ ] Retaliation | [ ] Genetic Information | [ ] Other |
|---|---|---|---|---|---|---|---|---|---|

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 3, 2010 | **Georgia Marchbanks,**<br>**Area Office Director** | *Georgia M. Marchbanks* |

## EXHIBIT A

EEOC0000948

EEOC FORM 131-A (11/09)

## U.S. Federal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Anthony Romero<br><br>c/o Ms. Vivian Smith<br>EEO Officer<br>P.O. Box 27116<br>Santa Fe, NM 87502 | **Robert Tenorio** |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**39B-2011-00158**

FEPA CHARGE NO.
**10-11-08-0530**

### NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[ ] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____

*(FEP Agency)*

[X] The   New Mexico Dept of Workforce Solutions, Human Rights Bureau   and sent to EEOC for dual filing purposes.

*(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s):  Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [X] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| November 9, 2010 | **Francie Cordova, Acting Director** | |

## EXHIBIT B

EEOC0000049

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Ms. Vivian Smith<br>EEO Officer<br><br>Po Box 27116<br>Santa Fe, NM 87502 | **Paul H. Martinez** |

THIS PERSON (check one or both)

| X | Claims To Be Aggrieved |
|---|---|
| | Is Filing on Behalf of Other(s) |

EEOC CHARGE NO.
**543-2013-01212**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

| | Title VII of the Civil Rights Act (Title VII) | | The Equal Pay Act (EPA) | | The Americans with Disabilities Act (ADA) |
|---|---|---|---|---|---|

| X | The Age Discrimination in Employment Act (ADEA) | | The Genetic Information Nondiscrimination Act (GINA) |
|---|---|---|---|

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. ☒ Please provide by **28-OCT-13** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☐ Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☐ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Raul Ballesteros,<br>Investigator | **Albuquerque Area Office**<br>**505 Marquette, N.W.** |
|---|---|
| *EEOC Representative* | **Suite 900** |
| *Telephone*  (505) 248-5222 | **Albuquerque, NM 87102**<br>**Fax: (505) 248-5192** |

Enclosure(s):  ☒ Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

| | Race | | Color | | Sex | | Religion | | National Origin | X | Age | | Disability | | Retaliation | | Genetic Information | | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**See enclosed copy of charge of discrimination.**

| Date<br><br>September 27, 2013 | Name / Title of Authorized Official<br><br>**Derick L. Newton,**<br>**Area Office Director** | Signature<br><br>*Derick L. Newton* |
|---|---|---|

## EXHIBIT C

EEOC0000766



**U.S. Equal Employment Opportunity Commission**
**Albuquerque Area Office**

505 Marquette, N.W.
Suite 900
Albuquerque, NM 87102
(505) 248-5202
TTY (505) 248-5240
FAX (505) 248-5192

Charging Party: Richard Henderson
EEOC Charge No.: 543-2010-01360

October 7, 2010

Ms. Vivian Smith
EEO Officer
NEW MEXICO CORRECTIONS DEPT.
P.O. Box 27116
Santa Fé, NM 87502-0116

Ms. Vivian Smith:

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Commission is required by law to investigate charges filed with it, and the enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made. Please submit a response to the requested information by the deadline cited below.

The information will only be disclosed in accordance with 29 C.F.R. 1601.22, or otherwise made public if the charge results in litigation.

Sincerely,

Jacob Valdez
Office Automation Assistant

Jeff Stuhlmann
Investigator

Response Deadline Date: October 15, 2010

The following dates are considered to be the "relevant period" for the attached Request for Information:
July 16, 2009 - July 16, 2010      **EXHIBIT D**

EEOC0000964

Safir, Alisson, NMCD

| | |
|---|---|
| From: | Smith, Vivian, NMCD |
| Sent: | Monday, October 25, 2010 3:21 PM |
| To: | 'jacob.valdez@eeoc.gov' |
| Subject: | Complaint Filed by Richard Henderson; EEOC # 543-2010-01360 |

This will confirm our conversation today about your October 7, 2010 Request for Information on the above-named charge.  You agreed that (1) we may limit our response to promotions of Lieutenants and above at the Central New Mexico Correctional Facility (where Captain Henderson is employed), and (2) the due date for our response is November 8, 2010.

Thank you for your consideration.

*Vivian Smith*
*EEO Officer*
*New Mexico Corrections Department*
*P. O. Box 27116*
*Santa Fe, NM  87502-0116*
*Phone:    (505) 827-8663*
*Fax:       (505) 827-8685*
*Email:     Vivian.Smith@state.nm.us*

**EXHIBIT E**

# STATE OF NEW MEXICO
## CORRECTIONS DEPARTMENT
Central Office Administration: 4337 State Road 14, Santa Fe, New Mexico 87508
Post Office Box 27116, Santa Fe, NM  875024116
Main Number (505) 827-8600  Fax (505) 827-8533
www.corrections.state.nm.us

Bill Richardson, Governor
Diane Denish, Lt. Governor

Joe R. Williams
Secretary of Corrections (505) 827-8884
Joanie M. Gonzales
Deputy Secretary of Administration (505) 827-8667



| | |
|---|---|
| Administrative Services | (505) 827-8601 |
| Adult Prisons | (505) 827-8767 |
| Corrections Industries | (505) 827-8597 |
| General Counsel | (505) 827-6698 |
| Information Technology | (505) 827-8713 |
| Probation and Parole | (505) 827-8830 |
| Reentry & Prison Reform | (505) 827-8509 |
| Training Academy | (505) 827-8900 |

November 5, 2010

Mr. Jacob E. Valdez
Office Automation Asst.
U.S. Equal Employment Opportunity Commission
505 Marquette, NW, Suite 900
Albuquerque, NM  87102

Re:    Richard Henderson
          EEOC # 543-2010-01360

Dear Mr. Valdez:

In response to your October 7, 2010 Request for Information and our conversation on October 25, 2010, the New Mexico Corrections Department is providing information on promotions from the rank of Lieutenant and above at the Central New Mexico Correctional Facility in Los Lunas, NM.  During the relevant time period (July 16, 2009-July 16, 2010), there was one promotion from the rank of Lieutenant and above:  Lieutenant JoBob Snider was promoted to Captain. Information on that selection process is enclosed.

Very truly yours,

*Vivian Smith*

Vivian F. Smith
EEO Officer

Encl.

RECEIVED BY
NOV 0 8
EEOC ALB

## EXHIBIT F

EEOC0000906

**JEFFREY STUHLMANN - Complaint Filed by Richard Henderson; EEOC Charge No. 543-2010-01360**

| | |
|---|---|
| **From:** | "Smith, Vivian, NMCD" <Vivian.Smith@state.nm.us> |
| **To:** | 'JEFFREY STUHLMANN' <JEFFREY.STUHLMANN@EEOC.GOV> |
| **Date:** | 5/9/2011 1:29 PM |
| **Subject:** | Complaint Filed by Richard Henderson; EEOC Charge No. 543-2010-01360 |

As you requested, we scheduled the following interviews for you at the Central New Mexico Correctional Facility, 1525 Morris Road in Los Lunas, on Wednesday, May 11, 2011:

| | |
|---|---|
| 9:00 a.m. | Anthony Romero, Warden |
| 9:30 a.m. | Robert Trujillo, Correctional Officer |
| 10:00 a.m. | Joe Garcia, Deputy Warden |
| 10:30 a.m. | Robert Tenorio, Deputy Warden |
| 11:00 a.m. | Larry Phillips, Unit Manager |

The Warden's conference room is reserved for your use. Charlotte Jaramillo is the Warden's assistant. Her telephone number is 505-383-3323.

Let me know if you have any questions.

*Vivian Smith*
*EEO Officer*
*New Mexico Corrections Department*
*P. O. Box 27116*
*Santa Fe, NM 87502-0116*
*Phone:   (505) 827-8663*
*Fax:       (505) 827-8685*
*Email:     Vivian.Smith@state.nm.us*

**EXHIBIT G**

EEOC0000905

## **JOSEPH GARCIA**
**EEOC Affidavit 5-11-11**

- 301-6572

- I've worked at this facility 20 years

- I work closely with Richard Henderson.  He is hard working and knowledgeable.  He does not have any performance issues and he is an outstanding employee.

- The Warden wanted longevity for the Major position.

- I believe Sweeney was selected due to the fact that he is not close to retirement.  The selection was made by the Warden.  I did not have any input.

- If I was asked, I would of selected Henderson due to his work ethic, experience and ability to do the job.

- The Warden did state he wanted someone with "stability" for the Major position.  I believe the Warden thought Henderson was going to retire and that is why he made the stability comment.  I don't know when Henderson plans on retiring.

- At a training class the Warden said why would you select an older person if he could select a younger person who was going to be around longer.

- I believe Henderson has been retaliated against since he filed this complaint.  The Warden told me he could make it rough Henderson since he filed the complaint.  Henderson was placed under investigation for allegedly not conducting an investigation properly.  I believe the Warden was looking for something to write Henderson up on and normally this is not an issue.  If anything, it was my fault for not informing the Warden – not Henderson's.

# EXHIBIT H

## **HEATHER GONZALES**
## **EEOC Affidavit 5-11-11**

- 450-9872

- I've worked at this facility 12 years

- I was involved in the interviews for the Major position.  I thought Henderson did very well in his interview.

- The Warden told me he felt Henderson and Martinez were too close to retirement to be selected for the position.

- Sweeney is younger and I believe that is a factor as to why he got the Major position.  The Warden said he wanted somebody stable for the position and this is in regards to how close they are to retirement.

- I think Henderson and Martinez were better qualified for the promotion than Sweeney.  The Warden added lack of leadership skills on my interview notes – pertaining to Martinez & Henderson.  I believe the Warden did this to try and cover his tracks – to show Sweeney was better qualified.

- 1-2 weeks after the Warden found out about the EEO complaint – the Warden conducted an internal investigation on Henderson.  I believe this was done in retaliation for making his age complaint.  Henderson was just doing what the Deputy Warden asked him to do.

# ANTHONY ROMERO
## EEOC Affidavit 5-11-11

- 383-3322

- I've been Warden at this facility since 5/2009.  I am one of Richard Henderson's immediate supervisors.  I believe he is a disgruntled employee.

- Henderson was interviewed for the Major position in 7/2010.  An interview panel forwarded the top 3 applicants and then I made the final selection.  Jerry Martinez and Andrew Sweeney were the other names forwarded to me.

- I believe Sweeney had the best communication skills and he was well respected by the staff.  Age was not a factor in my decision.

- I did talk about having stability for the position but it was not related to age.  This had nothing to do with how close an employee is to retirement.  This position had turnover and I wanted someone who was going to be around over 1-2 years.

- Sweeney – mid 30's – has better communication skills and he presents himself to the [illegible] better.  I have not taken any formal discipline against Henderson.

- Henderson did not conduct a proper investigation into a rape case internally.  He never notified me or the coordinator, and the inmate and employee were allowed to stay in the same area.

- Joseph Padilla was promoted to deputy Warden – he is med to late 40's.  I have also promoted 2 captains – both over 40 and one person in 50?

# **ROBERT TENORIO**
5/11/2011 Affidavit

• I've worked at this facility 33 years.
• Richard Henderson is an excellent employee. I'm not aware of him having any type of performance issues.
• Sweeney was pre-selected by the Warden. He told me "This is our new Major" The warden said he wanted someone he could mold – who hadn't been around very long.
• I believe Henderson's age was a factor as to why he was not selected for the Major position. The Warden selects people he can control and it has nothing to do with qualifications.
• I would have chosen Henderson or Martinez for the Major position since they are much more experience and qualified for the job.
• The Warden is trying to force me to retire. He has written me up over unjustified reasons and ___ I have an outstanding record.
• Henderson has been retaliated against since filing his EEO charge. He is being moved with a different department and the Warden is giving him too much responsibilities in order to set him up to be fired.
• The Warden retaliated against me after I filed my EEO complaint. The Warded accused me of theft, misconduct and all allegations were found to be unjustified. The Warden is trying to force me to retire or fire me over bogus allegations.

**ROBERT A. TRUJILLO**
**EEOC Affidavit 5-11-11**

- 903-3575

- I've worked here 14 years.

- Richard Henderson is a Captain in the Investigations Department.

- In 8/2010 Warden Romero was giving some training and during his class he did mention "why would I want to have an old crusty officer when I could have a younger officer." I do not recall exactly what he was talking about but I felt it was inappropriate – since I have been working here a long time. There were 10-12 employees in this class.

- I believe age may have been a factor in Sweeney's selection due to the comment I heard the Warden make.

- I was going for a Sgt. position and my name was on the list – but then the list was thrown out. I was never given a reason, and then there was a hiring freeze.

- I believe Henderson has more experience than Sweeney.

- I'm not aware of Henderson being retaliated against for any reason.

**Larry Phillips Affidavit**
**(5/11/11)**

-I've been here since 2007.

-I work with Captain Henderson on a daily basis. He is a top notch employee. I'm not aware of him having any performance issues.

-Warden Romero told me he usually doesn't promote people over 40.

-Other staff have heard the Warden make similar comments in training sessions that he has conducted.

-Henderson's age was a factor as to why he wasn't selected for the Major promotion.

-I do not know if Henderson has been retaliated against since filing this charge.

-Based on the comments that the Warden has made I believe he does have a bias against employees over 40.

# JEFFREY STUHLMANN - 543-2010-01360

**From:**   JEFFREY STUHLMANN
**To:**   vivian.smith@state.nm.us
**Date:**   10/26/2011 4:33 PM
**Subject:**   543-2010-01360

In order to make a more accurate assessment regarding this charge, please submit the following information on or before 11/4/11:

1. An employee's list with the following parameters:
2. employee's first and last name;
3. employee's date of hire;
4. employee's current position and/or title;
5. if employee is no longer employed, date of and reason for termination, terminating official(s) name and position and/or title, and terminating official(s) employment status;
6. employee's date of birth;
7. employee's last known address and telephone number; and
8. employee's supervisor(s)' name, position and/or title, date of birth, and date of hire.

*

1. A list of all discriminatory complaints made, either formally or informally (made verbally, made to a supervisor but not filly investigated and etc).
2.
       a.  If so, please provide the following information:
3.                 i.   allegations;
4.               ii.  name and position of the accused;
5.              iii. date of birth of the accused;
6.            iv.  name, position, and date of birth of the individual who made the complaint.

*

    b.  Please provide all documentation pertaining to such complaints, including all statements obtained or prepared by the investigator.
    c.  Please provide the status and/or resolution of such complaints.

1.
2. All documentation utilized during the first and second interviews for the Major position, this would include applications submitted, resumes submitted, interview notes, interview forms, raring forms, and etc.
3. Criteria utilized for the major position.

4. Jeff Stuhlmann
   Federal Investigator
   (505) 248-5223
   (505) 248-5239 (Fax)

**EXHIBIT I**

EEOC0000872

## JEFFREY STUHLMANN - RE: 543-2010-01360

| | |
|---|---|
| **From:** | JEFFREY STUHLMANN |
| **To:** | Smith, Vivian NMCD |
| **Date:** | 10/27/2011 2:46 PM |
| **Subject:** | RE: 543-2010-01360 |

You may limit the time frame to the time that Warden Romero was in charge at the Los Lunas facility.  If there was information requested that was previously provided, please indicate where that information was indicated in the original response.

The new deadline date will be 11/18/11.

Let me know if you have any other questions.

Jeff Stuhlmann
Federal Investigator
(505) 248-5223
(505) 248-5239 (Fax)

>>> "Smith, Vivian, NMCD" <Vivian.Smith@state.nm.us> 10/27/2011 1:39 PM >>>
I was out of the office yesterday and am catching up on e-mail this morning.  Concerning your request for information below --

Since there are more than 2,000 active Corrections employees plus an unknown number of former employees, and since there are no timeframes specified in your request for information, researching/providing this documentation will be extremely time-consuming and burdensome.  In addition, it is not clear how most of the information requested is relevant to Capt. Henderson's allegations of age discrimination and retaliation.  Therefore, I respectfully request that you greatly narrow the scope and timeframe of your request.  I also ask that the deadline be extended to the latter part of November since I am scheduled to be out of the office on pre-approved leave from October 28-November 7, 2011 and will have a backlog of work to tackle when I return.

Regarding the last two items listed in your request -- In our September 24, 2010 response we submitted supporting documentation which seems to respond to your request.

Thank you for your consideration and cooperation.

*Vivian Smith*
*EEO Officer*
*New Mexico Corrections Department*
*P. O. Box 27116*
*Santa Fe, NM  87502-0116*
*Phone:    (505) 827-8663*
*Fax:       (505) 827-8685*
*Email:     Vivian.Smith@state.nm.us*

**From:** JEFFREY STUHLMANN [mailto:JEFFREY.STUHLMANN@EEOC.GOV]

**EXHIBIT J**

EEOC0000886

## JEFFREY STUHLMANN - RE: 543-2010-01360

| | |
|---|---|
| **From:** | JEFFREY STUHLMANN |
| **To:** | Smith, Vivian NMCD |
| **Date:** | 10/27/2011 2:46 PM |
| **Subject:** | RE: 543-2010-01360 |

You may limit the time frame to the time that Warden Romero was in charge at the Los Lunas facility.  If there was information requested that was previously provided, please indicate where that information was indicated in the original response.

The new deadline date will be 11/18/11.

Let me know if you have any other questions.

Jeff Stuhlmann
Federal Investigator
(505) 248-5223
(505) 248-5239 (Fax)

>>> "Smith, Vivian, NMCD" <Vivian.Smith@state.nm.us> 10/27/2011 1:39 PM >>>
I was out of the office yesterday and am catching up on e-mail this morning.  Concerning your request for information below --

Since there are more than 2,000 active Corrections employees plus an unknown number of former employees, and since there are no timeframes specified in your request for information, researching/providing this documentation will be extremely time-consuming and burdensome.  In addition, it is not clear how most of the information requested is relevant to Capt. Henderson's allegations of age discrimination and retaliation.  Therefore, I respectfully request that you greatly narrow the scope and timeframe of your request.  I also ask that the deadline be extended to the latter part of November since I am scheduled to be out of the office on pre-approved leave from October 28-November 7, 2011 and will have a backlog of work to tackle when I return.

Regarding the last two items listed in your request -- In our September 24, 2010 response we submitted supporting documentation which seems to respond to your request.

Thank you for your consideration and cooperation.

*Vivian Smith*
*EEO Officer*
*New Mexico Corrections Department*
*P. O. Box 27116*
*Santa Fe, NM  87502-0116*
*Phone:    (505) 827-8663*
*Fax:       (505) 827-8685*
*Email:    Vivian.Smith@state.nm.us*

**From:** JEFFREY STUHLMANN [mailto:JEFFREY.STUHLMANN@EEOC.GOV]

## EXHIBIT K

EEOC0000886

# STATE OF NEW MEXICO
## CORRECTIONS DEPARTMENT

Central Office Administration: 4337 State Road 14, Santa Fe, New Mexico 87508
Post Office Box 27116, Santa Fe, NM 87502-0116
Main Number (505) 827-8600  Fax (505) 827-8220
www.corrections.state.nm.us

Susana Martinez
Governor

Gregg Marcantel
Secretary (505) 827-8884



| | |
|---|---|
| Administrative Services | (505) 827-8601 |
| Adult Prisons | (505) 827-8767 |
| Corrections Industries | (505) 827-8597 |
| General Counsel | (505) 827-8698 |
| Information Technology | (505) 827-8713 |
| Probation and Parole | (505) 827-8830 |
| Reentry & Prison Reform | (505) 827-8541 |
| Training Academy | (505) 827-8900 |

November 17, 2011

Mr. Jeffrey Stuhlmann
Investigator
U.S. Equal Employment Opportunity Commission
505 Marquette, NW, Suite 900
Albuquerque, NM  87102

      Re:   Richard Henderson
           EEOC # 543-2010-01360

Dear Mr. Stuhlmann:

In response to your October 26, 2011 request for additional information concerning the above-referenced charge, the New Mexico Corrections Department (NMCD) is submitting the following documents for the period May 2009-June 2011 when Anthony Romero was the Warden at the Central New Mexico Correctional Facility (CNMCF):

- CNMCF Employees and Supervisors as of 6/4/2009;
- CNMCF Employees and Supervisors as of 12/6/2010;
- CNMCF Employees and Supervisors as of 6/6/2011;
- CNMCF Employee Resignations, Retirements and Terminations between 5/2009-6/2011;
- CNMCF Discrimination Complaints (filed with the EEOC or the HRD) between 5/2009-6/2011;*
- Special Investigations/Internal Affairs 2009 Case Log (re unlawful discrimination complaints investigated at CNMCF);*
- Special Investigations/Internal Affairs 2010 Case Log (re unlawful discrimination complaints investigated at CNMCF); and*
- Special Investigations/Internal Affairs 2011 Case Log (re unlawful discrimination complaints investigated at CNMCF).*

# EXHIBIT L

EEOC0000866

Richard Henderson - EEOC # 543-2010-01360 -- Request for Additional Information
November 17, 2011                                                                                   Page 2

* Investigation reports are confidential, attorney/client communication and will only be provided pursuant to a lawful court order.

The reports available through the State of New Mexico's Statewide Human Resources Accounting and Reporting System (SHARE) and/or the NMCD's internal reports may not include all of the parameters stated in your e-mail. For example, there is no report on the last known address and telephone number of current or former employees. That information would have to be researched manually by the individual's name, and the personnel files of inactive employees would have to be retrieved from archives. Since CNMCF has an average of 450-plus active employees and about 100 employees resigned, retired or terminated during the specified time period, such research would be both time consuming and burdensome. If you could select a small random sample of employees, researching their last known addresses and telephone numbers might be a manageable task.

You also requested documentation concerning the selection process for the Major position at CNMCF. That documentation was provided to the EEOC on September 24, 2010 as part of the NMCD's response to Mr. Henderson's initial complaint of age discrimination.

* * * * * *

The NMCD believes that the charges are without merit and that at no time was Mr. Henderson subjected to age discrimination or retaliation. We respectfully request that the EEOC dismiss the complaint.

Very truly yours,

Vivian F. Smith
EEO Officer

Encl.

EEOC0000867

**Safir, Alisson, NMCD**

| | |
|---|---|
| From: | Smith, Vivian, NMCD |
| Sent: | Friday, April 27, 2012 4:13 PM |
| To: | 'JEFFREY STUHLMANN' |
| Subject: | RE: Henderson and Tenorio v. State of NM (543-2010-01360 & 39B-2011-00158) |
| Importance: | High |

Unfortunately it is not clear what information you are requesting. What do you mean by "Tabs 1, Tab 2, Tab 3 and Tab 4"? How are you are defining "management" employees? Any employee who supervises others? Only employees who have decision-making authority on behalf of their division, facility or the Department? It would be helpful if you could be more specific.

The three lists of Employees and Supervisors that we submitted on 11/17/11 already include each employee's date of birth. The list of Resignations, Retirements and Terminations was generated from the State of New Mexico's SHARE system and does not include the employee's date of birth. As I understand it, the limitations on reports that can be generated from SHARE will not allow us to include birth dates in that report. However, you can find the employee's date of birth by looking it up in the lists of Employees and Supervisors.

*Vivian Smith*
*EEO Officer*
*New Mexico Corrections Department*
*P. O. Box 27116*
*Santa Fe, NM 87502-0116*
*Phone: (505) 827-8663*
*Fax:     (505) 827-8685*
*Email: Vivian.Smith@state.nm.us*

**From:** JEFFREY STUHLMANN [mailto:JEFFREY.STUHLMANN@EEOC.GOV]
**Sent:** Thursday, April 26, 2012 3:09 PM
**To:** Smith, Vivian, NMCD
**Subject:** Henderson and Tenorio v. State of NM (543-2010-01360 & 39B-2011-00158)


In order to make a more accurate assessment regarding the above referenced charges, please submit the following information on or before May 3, 2012:

1) For all employee lists that were submitted in your 11/17/2011 response, please provide these lists in electronic/Excel Format (includes Tab 1, Tab 2, Tab 3 and Tab 4). Please include each employee's date of birth on all employee lists and indicate which employees are considered Management by the Department of Corrections.

In addition, I would like to conduct some interviews at the Los Lunas facility on one of the following dates: May 8 or May 9. I will follow this e-mail with a list of individuals that I would like to interview within the next couple of days.

If you have any questions about this request, please do not hesitate to contact me.

Jeff Stuhlmann
Federal Investigator
(505) 248-5223
(505) 248-5239 (Fax)



1

# EXHIBIT M

**Safir, Alisson, NMCD**

| | |
|---|---|
| From: | Smith, Vivian, NMCD |
| Sent: | Monday, April 30, 2012 11:44 AM |
| To: | 'JEFFREY STUHLMANN' |
| Subject: | RE: Robert Tenorio v. State of NM (543-2011-00991) |

Here is the schedule for the interviews you requested:

Tuesday, May 8, 2012

8:30 a.m.    Warden Joe Garcia

9:00 a.m.    Heather Gonzales

9:30 a.m.    Joe Alaniz

10:00 a.m.    Richard Henderson

10:30 a.m.    Ben Lujan

Wednesday, May 9, 2012

8:30 a.m.    Daniel Sedillo (Mr. Sedillo is off on May 8 and asked to be interviewed on May 9)

Carlos Valdez has retired from the NMCD. I am trying to locate forwarding information for him. Manuel Pacheco is out on Family Medical Leave. It is not certain when he will return to work.

*Vivian Smith*
*EEO Officer*
*New Mexico Corrections Department*
*P. O. Box 27116*
*Santa Fe, NM 87502-0116*
*Phone: (505) 827-8663*
*Fax:     (505) 827-8685*
*Email:   Vivian.Smith@state.nm.us*

**From:** JEFFREY STUHLMANN [mailto:JEFFREY.STUHLMANN@EEOC.GOV]
**Sent:** Friday, April 27, 2012 9:50 AM
**To:** Smith, Vivian, NMCD
**Subject:** Robert Tenorio v. State of NM (543-2011-00991)


This is a follow up to the e-mail I sent you on 4/26/12 pertaining to the above referenced charge. The following is a list of individuals I would like to speak with at the Los Lunas Facility:

1)  Heather Gonzales
2)  Joe Garcia
3)  Danny Sedillo
4)  Ben Lujan
5)  Joe Alaniz
    Richard Henderson

My preferred date is May 8th but if that is not acceptable I am also available on May 9th. Please schedule the interviews individually starting at 8:30 AM and allow 1/2 hour for each interview.

1

# EXHIBIT N

## JOSEPH GARCIA
## EEOC Affidavit 5-11-11

- 301-6572

- I've worked at this facility 20 years

- I work closely with Richard Henderson.  He is hard working and knowledgeable.  He does not have any performance issues and he is an outstanding employee.

- The Warden wanted longevity for the Major position.

- I believe Sweeney was selected due to the fact that he is not close to retirement.  The selection was made by the Warden.  I did not have any input.

- If I was asked, I would of selected Henderson due to his work ethic, experience and ability to do the job.

- The Warden did state he wanted someone with "stability" for the Major position.  I believe the Warden thought Henderson was going to retire and that is why he made the stability comment.  I don't know when Henderson plans on retiring.

- At a training class the Warden said why would you select an older person if he could select a younger person who was going to be around longer.

- I believe Henderson has been retaliated against since he filed this complaint.  The Warden told me he could make it rough Henderson since he filed the complaint.  Henderson was placed under investigation for allegedly not conducting an investigation properly.  I believe the Warden was looking for something to write Henderson up on and normally this is not an issue.  If anything, it was my fault for not informing the Warden – not Henderson's.

## EXHIBIT O

## <u>JOSEPH GARCIA</u>
## EEOC Affidavit 5-8-12

- 235-6365

- 1525 Morris Rd., Los Lunas, 87031

- I've been Acting Warden and 12/12/11 I officially became Warden.  I've been in state corrections 21 years and 7 months

- I have gone through discrimination training – on an annual basis.  General training conducted by someone in Personnel

- Denying somebody a position based upon their age is age discrimination or thinking someone is too old to perform the duties they're assigned

- Discrimination can be complained to any supervisor or to Vivian Smith in Santa Fe.  The training course goes over who you are supposed to complain to.

- I am Tenorio's supervisor.  He is a good employee – always does what he is asked to do.

- Under my supervision Tenorio hasn't had any performance issues.  The prior Warden had Tenorio on a work improvement plan – Anthon Romero.

- In 7/2010 there was in "undue familiarity" investigation which I assigned to Captain Henderson for investigation.  Tenorio was then asked to investigate Captain Henderson as to why he didn't advise Romero of the investigation.  I was the person who did not advise Romero – not Henderson or Tenorio.

- Romero wanted to move Tenorio to this bldg. and he said he wanted to force Tenorio to retire.  I believe Romero wrote Tenorio up to get him to retire or have him quit.

- I think Romero retaliated against Tenorio when he did not take action against Henderson for allegedly not conducting an internal investigation properly.  I believe Romero would retaliate against anyone who went against him whether it was EEO related or otherwise.

- I believe Tenorio's transfer was retaliation for him being a witness for Henderson since Romero told me he wanted to push Tenorio into retirement.  Romero transferred him to this building so he could keep a closer eye on him.

- I believe Romero would fabricate documents – based on conversations with Heather Gonzales.  He may have falsified interview notes for the Major position that Henderson applied for.  I think that happened after Henderson filed his EEO complaint

- I believe Romero is doing the same thing in Santa Fe – if given the opportunity

- I have promoted people of all ages – age is not a factor I just see whether they can do the job or not.

- Romero would not promote someone who complained.  Lupe Martinez retired.  I was too close with Tenorio and that is why I didn't get promoted to Warden in 10/2011.

- Tenorio put in for Warden in Springer and Romero was on the hiring panel.  I believe the position was re-advertised because they didn't want to give the position to Tenorio.

- Romero was transferred 6/25/11 and he told me he was taking a voluntary demotion to be closer to his family – Deputy Warden in Santa Fe.

- Romero looked for employees who had more time to go to retire – that is why he didn't promote Henderson.  I'm not aware of any other employees close to retirement who did not get promoted.

- Romero said Henderson was too close to retirement and that he didn't want to go through the process again (from Captain to Major)

- Romero told me he could make it hard on Henderson if he filed an age claim about not getting the Major position

- We do not have a mandatory retirement age.  Romero wanted Tenorio to go away – whether through retirement or disciplinary action.  Romero's motive was to retaliate against Tenorio for going against him and for being a witness for Captain Henderson.

- Romero is currently a Deputy Director in Santa Fe.  Warden in Santa Fe James Lopez may also have been retaliated against for going against Romero, but I don't know details.

- I believe Romero would keep Tenorio from being promoted if he had any involvement at all.

## <u>HEATHER GONZALES</u>
## EEOC Affidavit 5-08-12

- 383-3391

- I've worked with State Corrections for 13 years.  Roughly 2 years we had ADA training for HR Staff.  [Illegible] you we give a general overview for all staff on anti-discrimination law.

- Employees can report to one of their supervisors if they feel they are being  [illegible].

- Age discrimination is telling someone they are too old to be hired or promoted.  Robert Tenorio is Deputy Warden.  He is a very good employee.  Richard Henderson is the only person I know who was not promoted because he did not have "Longevity."  Romero did not want to promote someone who was going to retire in the near future.

- Tenorio talks about retirement – but nothing definite.

- I worked very close with Warden Romero.  He told me he wanted to be closer to his daughter in Santa Fe.  He took a demotion to Deputy Warden at the State Pen.

- Romero made changes to Henderson's interview notes to justify not selecting him for the Major position.  Romero fabricated these notes to cover himself and not selecting Henderson.  Henderson was much more qualified than the person selected.

- After Henderson's interview Romero said he wanted an employee who could provide longevity and who wasn't going to retire soon.  Romero even told Henderson and Jerry Martinez that he didn't hire them due to the "Longevity" issue.  Romero is dishonest and he would retaliate against you if you went against him for any reason.

- After Henderson filed a complaint against Romero, Romero retaliated against Henderson by investigating him for alleged wrong-doing.  Tenorio investigated the alleged wrong-doing and when Tenorio's report did not show any wrong doing – Romero then retaliated against Tenorio for not finding Henderson in violation of rules or regulations.

- Romero moved Tenorio to his building and wrote him up to get him to retire or quit.  I believe Romero retaliated against Henderson and Tenorio for going against him.  There was no valid reason to transfer Tenorio – I believe it was done in retaliation for Tenorio

being a witness for Henderson.  Romero wrote Tenorio up for the Waste Treatment – but this wasn't even Tenorio's responsibility.

- I would not be surprised if Romero fabricated other documents – but I am only aware of Henderson's promotion/interview notes.

- Tenorio applied for Warden in Springer and Romero was on the interview panel.  This position was re-posted.  I believe Romero would retaliate against Tenorio by not recommending him for the Warden position in Springer.

- I'm not aware of Romero continuing his discriminatory ways in Santa Fe.

- Secretary of Corrections has final authority on promotions.

## DANIEL SEDILLO
### 05-09-12 - Phone

- I've been with State Corrections for 19 years.

- I am Acting Deputy Warden.

- We have annual overview it is very high _____ overview.

- Not _____ of age discrimination _____.

- Tenorio is a very knowledgeable employee.

- Henderson did not get a majors position and he was told it was due to his age and he needed longevity in the position. I believe Romero did make this statement – it was not with the old and in with the new.

- The person selected was not ready or well qualified. Andrew Sweeney (mid 30s) got the job.

- Romero wrote me up for not _____ childcare _____ he wanted me to _____ last _____ officer came for her – I disagreed and he wrote me up. He then _____ away my secretary and put her in a new area. This was retaliation for the disagreement over childcare.

- Romero would retaliate if you disagreed with him. He did it to Henderson, Tenorio and me.

- Henderson filed an internal grievance and 3 days later, Romero _____ him investigated for alleged wrongdoing.

- Tenorio investigated and found Henderson did nothing wrong. Romero then retaliated against him by transferring him and writing him up.

- Write ups on Tenorio weren't legitimate – it was retaliation. Romero had a bias against older employees. Promotions do not come up very often.

- Romero demoted himself – he was mismanaging state property and inmate labor. He transferred to Santa Fe as a Deputy Warden.

- Romero did get even with anyone who went against him. Romero targeted James Lopez over 40 – while at the Western facility.

- Warden Garcia took over for Romero – and he is very good.

- Tenorio applied for Springer and Santa Fe warden positions. Romero was in the interview panel for Springer.

- Romero would prevent Tenorio from getting promoted if given the chance.

- Governor gets involved if _____ - but Secretary of Corrections has final authority. Greg Mercantel.

- The 2 people selected for Springer and Santa Fe are not as qualified as Tenorio.

- I believe the State is retaliating against Tenorio by not promoting him to Warden.

- Romero was very insecure – he didn't like having people around who know more than him – this includes Henderson and Tenorio.

**CARLOS VALDEZ**
**Phone Contact Notes 5-23-12**

- I worked 88 – 4/2012 – when I retired

- I worked at the State here in Santa Fe

- I know Tenorio – I supervised him.  He was an excellent employee.

- I never heard Romero make any age comments.  He was cocky – he thought he was better than everyone.

- Romero retaliated against me, when I complained about another employee he was friends with.

- Romero told me it was in my best interest to retire.  He tried to get rid of me since I had a problem with one of his subordinates.

- I believe Romero would lie to cover himself.  He'll do whatever he needs to do to protect himself.

- I believe the state would retaliate against someone and not promote Tenorio due to his complaints.

- Tenorio would be an excellent Warden if given the opportunity.

- Romero is the type of person who would retaliate against anyone who went against him.  This includes denying that employee a promotion if he was involved in the process.

## JAMES LOPEZ
## Phone Contact Notes 5-30-12

- Have been with State Corrections 25 years

- I worked with Tenorio many years ago.

- I've never worked at the Las Lunas facility

- Romeo was selected over me for Warden position in 2007

- When he became Warden he was my supervisor

- Romero is currently Deputy Director in Santa Fe

- I've never heard him make statements against older employees

- I've complained to Romero that he did not treat people right

- I can't really comment on Romero's dealings with Tenorio and Henderson

- I was selected for warden of Santa Fe over Tenorio.  Romero was not involved in the selection.   [Illegible]



**U.S. Equal Employment Opportunity Commission**
**Albuquerque Area Office**

505 Marquette, N.W
Suite 900
Albuquerque, NM 87102
(505) 248-5202
TTY (505) 248-5240
FAX (505) 248-5233

Charging Party: Robert Tenorio
EEOC Charge No.: 543-2011-00991

May 24, 2012

Vivian Smith, EEO Officer
NM Department of Corrections
Box 27116
Santa Fe, NM 87502

Dear Ms. Smith:

Pursuant to its authority under all relevant portions of Title VII of the Civil Rights Act of 1964, as amended the Commission is hereby placing the organization you represent, NM Department of Corrections, on notice that it is investigating alleged discrimination against a class of individuals, encompassing the entire State of New Mexico under the Age Discrimination in Employment Act.

Attached you will find a request for additional information to assist the Commission in its investigation. In submitting your response, the Commission is requesting that you submit it electronically with all data corresponding to a separate column (i.e. a separate column for first name and a separate column for last name).

Please submit the response to the following address: Jeffrey.Stuhlmann@eeoc.gov by the requested deadline. Consistent with the Commission's normal procedures, this information will only be disclosed in accordance with 29 C.F.R. 1601.22, or otherwise made public if the charge results in litigation.

Sincerely,

Jeff Stuhlmann,
Federal Investigator
(505) 248-5223

**Response Deadline Date**: June 1, 2012

1

**EXHIBIT Q**

EEOC0000161

## JEFFREY STUHLMANN - Henderson & Tenorio charges of Discrimination

**From:**     JEFFREY STUHLMANN
**To:**       alisson.safir@statenm.us
**Date:**     5/15/2013 3:15 PM
**Subject:**  Henderson & Tenorio charges of Discrimination

Per our conversation earlier today, please provide the following information on or before 5/24/13:

1) Personnel file for former Warden, Anthony Romero (please include Mr. Romero's Date of Birth)

2) Personnel file for Richard Henderson

Jeff Stuhlmann
Federal Investigator
(505) 248-5223
(505) 248-5239 (Fax)

**EXHIBIT R**

EEOC0001001

**Safir, Alisson, NMCD**

| | |
|---|---|
| **From:** | JEFFREY STUHLMANN [JEFFREY.STUHLMANN@EEOC.GOV] |
| **Sent:** | Tuesday, June 11, 2013 3:19 PM |
| **To:** | Safir, Alisson, NMCD |
| **Subject:** | Tenorio and Henderson Charges of discrimination (543--2011-00991 & 543-2010-01360) |

In order to make a more accurate assessment of the above referenced charges, please submit the following information on or before 6/21/2013:

1. Provide a complete and accurate employee list **in electronic format** (Excel, Access or ASCII delimited ("csv")), of all New Mexico Corrections Department employees since January 1, 2010. The list should include the following:
2. employee's first and last name;
3. employee's date of hire;
4. employee's date of birth;
5. employee's position and/or title;
6. employee's supervisor(s)' name and position and/or title;
7. if employee is no longer employed, date of and reason for termination, terminating official(s) name and position and/or title, and terminating official(s) employment status; and
8. employee's last known address, e-mail address, and telephone number.
9. Jeff Stuhlmann
   Federal Investigator
   (505) 248-5223
   (505) 248-5239 (Fax)

1

**EXHIBIT S**

**Safir, Alisson, NMDOT**

| | |
|---|---|
| **From:** | Safir, Alisson, NMCD |
| **Sent:** | Tuesday, July 23, 2013 4:26 PM |
| **To:** | 'JEFFREY STUHLMANN' |
| **Cc:** | Brewster, Jim, NMCD |
| **Subject:** | CONFIDENTIAL Tenorio and Henderson Charges of discrimination (543--2011-00991 & 543-2010-01360) |
| **Attachments:** | CONFIDENTIAL PERSONNEL INFORMATION 543-2011-00991 request for information.xlsx |

July 22, 2013

Mr. Jeff Stuhlmann Federal Investigator
U.S. Equal Employment Opportunity Commission
Albuquerque Area Office
505 Marquette, NW, Suite 900
Albuquerque, NM  87102

Re:    Henderson and Torino Charges of Discrimination
       (543-2010-01360 & 543-2011-00991)

Dear Mr. Stuhlmann:

The New Mexico Corrections Department (NMCD) submits the following response to your July 10, 2013 subpoena. We have collated the requested information and attached it as a Microsoft Excel file. Due to the confidential nature of this information, it is not for public release.

Under New Mexico State Personnel Board Rules and Regulations, documentation pertaining to home address and personal telephone number are confidential unless the employee gives written permission for such inspection or pursuant to a lawful court order. (See Title 1, Chapter 7, Part 1, "General Provisions", at 1.7.1.12 "Employment Records".) Additionally, because our employees operate in a prison environment, the NMCD is very hesitant to release any employee's home address and telephone number, so please protect the information we are providing to you today.

Thank you,
/s/
Alisson K Safir
EEO Officer
Office of General Counsel
New Mexico Corrections Department

1

# EXHIBIT T



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Albuquerque Area Office

505 Marquette, N.W., Suite 900
Albuquerque, NM 87102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Albuquerque Status Line: (866) 408-8075
Albuquerque Direct Dial: (505) 248-5202
TTY: (505) 248-5240
FAX: (505) 248-5233
Enforcement FAX: (505) 248-5192
ADR FAX: (505) 248-5239

August 1, 2013

Re: EEOC Charge filed against State of NM Corrections Department

Dear Current/Former NMCD Employee:

The Equal Employment Opportunity Commission ("EEOC") is investigating allegations of potential age discrimination and retaliation against the State of New Mexico Corrections Department. The EEOC has an obligation to investigate allegations of discrimination when an individual files a complaint. The fact that we are investigating this matter does not mean that the State of New Mexico Corrections Department has violated any federal antidiscrimination laws.

We are writing to you because as part of its investigation, the EEOC is contacting current and former employees to find out whether you experienced or witnessed any potential age discrimination while you were employed by the Corrections Department. So you have a better idea about what we are investigating, you should know that under the Age Discrimination in Employment Act, it is unlawful for an employer to discriminate against workers age 40 or older, because of their age. Age discrimination often results from unfair stereotypes about older workers. For example, many people believe that older workers are unwilling to learn new skills or change, or that older workers are more likely to be absent due to illnesses, or that older workers are slower or less productive. All of these are stereotypes about age which may cause supervisors or managers to make unfair decisions based on an employee's age.

Age discrimination is usually seen in employment decisions where older workers (40 or above) are treated less favorably than younger workers. For example, if an older worker with 20 years of experience is passed over for promotion in favor of a less-experienced younger worker, then age discrimination may have played a part in the promotion decision. Another example of potential age discrimination is when older workers are assigned to less favorable job duties, while younger workers in the same position are assigned to more favorable job duties. Another example of potential age discrimination is when older workers are fired or disciplined more harshly than younger workers who commit the same or similar offense. The "younger" worker does not need to be under age 40; it may be age discrimination to favor a 45 year old employee over a 60 year-old employee. And sometimes there is no comparison to a younger worker, but just an older worker who was discriminated against because of his or her age. Additionally, it is also unlawful for any employer to retaliate against any employee who reports to management what the employee believes in good faith may be age discrimination.

We would like very much to talk to you about your work experiences at the New Mexico Corrections Department. If you believe you have yourself been subjected to age discrimination

## EXHIBIT U

EEOC0001090

at the Corrections Department, or to retaliation for reporting or complaining about age discrimination, it is especially important that you contact me.  Please call me at 505-248-5223 or email me at jeffrey.stuhlmann@eeoc.gov.

Once you contact me, I will give you further information regarding the allegations in this charge and I will ask you some questions related to your work experience with the State Corrections Department. Keep in mind that an employer is prohibited from retaliating against you for participating in this investigation.

Thank you in advance for your cooperation.

Sincerely,


Jeff Stuhlmann,
Investigator
Direct Line: 505-248-5223

EEOC0001091

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Albuquerque Area Office**

505 Marquette, N.W., Suite 900
Albuquerque, NM 87102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Albuquerque Status Line: (866) 408-8075
Albuquerque Direct Dial: (505) 248-5202
TTY: (505) 248-5240
FAX: (505) 248-5233
Enforcement FAX: (505) 248-5192
ADR FAX: (505) 248-5239

Charge No.: 543-2010-01360

**Charging Party**
Richard Henderson
323 Hillandale Ave.
Belen, NM 87002

**Respondent**
NM Corrections Dept. c/o:
Alisson Safir, Civil Rights Specialist
Box 27116
Santa Fe, NM 87502

DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

All Requirements for coverage have been met.

Charging Party alleges he was subjected to different terms, conditions, or privileges of his employment based upon his age (50), including but not limited to being denied promotion opportunities. Charging Party further alleges that once he complained of age discrimination, he was subjected to retaliation, including being subjected to different terms and condition of his employment and being subjected to an internal investigation.

Respondent denies the allegations and contends that the Charging Party has not been discriminated against due to his age and that all actions taken against him have been for legitimate, non-discriminatory reasons.

Based on the EEOC's investigation, I have determined that there is reasonable cause to believe that Respondent violated the ADEA by discriminating against the Charging Party and other aggrieved individuals by refusing to hire and/or promote individuals because of their age. Additionally, I have determined that there is reasonable cause to believe that Respondent violated the ADEA by discriminating against the Charging Party and other aggrieved individuals with respect to their terms, conditions, or privileges of employment, including but not limited to creating and/or fostering a hostile work environment, subjecting individuals to discipline because of their age, terminating older individuals' employment, and/or by forcing older individuals to resign and/or retire.

**EXHIBIT V**

EEOC0000940

I have further determined that there is reasonable cause to believe that Respondent violated the ADEA by discriminating against the Charging Party and other aggrieved individuals for opposing employment practices made unlawful under the ADEA, including but not limited to subjecting the individuals to discipline, refusing to hire and/or promote the individuals, subjecting the individuals to less favorable working conditions, and creating and/or fostering a hostile work environment for individuals who opposed unlawful employment practices.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. If the Respondent declines to discuss conciliation, or when, for any other reason, a conciliation agreement acceptable to the Area Director is not obtained, the Area Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

Having determined that there is reason to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

On Behalf of the Commission

SEP 26 2013
_____
Date

_____
Derick Newton,
Area Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Albuquerque Area Office**

505 Marquette, N.W., Suite 900
Albuquerque, NM 87102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Albuquerque Status Line: (866) 408-8075
Albuquerque Direct Dial: (505) 248-5202
TTY: (505) 248-5240
FAX: (505) 248-5233
Enforcement FAX: (505) 248-5192
ADR FAX: (505) 248-5239

Charge Nos.:
          543-2011-00991
          39B-2011-00158

**Charging Parry**
Robert Tenorio
3911 Oakmount Dr.
Rio Rancho, NM 87124

**Respondent**
NM Corrections Dept. c/o:
Alisson Safir, Civil Rights Specialist
Box 27116
Santa Fe, NM 87502

DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

All Requirements for coverage have been met.

Charging Party alleges he was discriminated against due to his age when Respondent denied him promotions and subjected him to discipline. Charging Party further alleges that after opposing unlawful employment practices, Respondent subjected him to retaliation, including but not limited to subjecting him to discipline, subjecting him to different terms and conditions of employment, and terminating his employment.

Respondent denies the allegations and contends that the Charging Party has not been discriminated against due to his age and that all actions taken against him have been for legitimate, non-discriminatory reasons.

Based on the EEOC's investigation, I have determined that there is reasonable cause to believe that Respondent violated the ADEA by discriminating against the Charging Party and other aggrieved individuals by refusing to hire and/or promote individuals because of their age. Additionally, I have determined that there is reasonable cause to believe that Respondent violated the ADEA by discriminating against the Charging Party and other aggrieved individuals with respect to their terms, conditions, or privileges of employment, including but not limited to

EEOC0000043

creating and/or fostering a hostile work environment, subjecting individuals to discipline because of their age, terminating older individuals' employment, and/or by forcing older individuals to resign and/or retire.

I have further determined that there is reasonable cause to believe that Respondent violated the ADEA by discriminating against the Charging Party and other aggrieved individuals for opposing employment practices made unlawful under the ADEA, including but not limited to subjecting the individuals to discipline, refusing to hire and/or promote the individuals, subjecting the individuals to less favorable working conditions, and creating and/or fostering a hostile work environment for individuals who opposed unlawful employment practices.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. If the Respondent declines to discuss conciliation, or when, for any other reason, a conciliation agreement acceptable to the Area Director is not obtained, the Area Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

Having determined that there is reason to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

On Behalf of the Commission

SEP 26 2013
_____
Date

_____
Derick Newton,
Area Director

**Safir, Alisson, NMCD**

| | |
|---|---|
| **From:** | JEFFREY STUHLMANN [JEFFREY.STUHLMANN@EEOC.GOV] |
| **Sent:** | Wednesday, April 16, 2014 2:51 PM |
| **To:** | Safir, Alisson, NMCD |
| **Subject:** | Tenorio and Henderson Conciliation (543-2011-00991, 39B-2011-00158 & 543-2010-01360) |

The EEOC proposes the following in order to conciliate the above referenced charges:

1) Provide training for all Managers employed by the State Corrections Department regarding the Age Discrimination in Employment act and retaliation. This training will be conducted in person, by a qualified instructor for a minimum of 6 hours on an annual basis for a period of 3 years.

1a) Provide the same training specified in #1 above for all employees in the Human Resources/Hiring Department for a period of 8 hours. This training will be conducted on an annual basis for a period of 3 years.

1b) For all other employees not covered by #1 and #1a they will receive 4 hours of training on an annual basis for a period of 3 years.

2) No retaliation or age based discrimination shall be taken against any individual employed by the Respondent.

3) Respondent will post a notice in a prominent location at all State Corrections Facilities that indicates the finding that was made pertaining to this charge and that re-iterates the Respondent's commitment to providing a discrimination free workplace. This posting will remain in place for a minimum of three (3) years.

4) Reporting Provisions –Respondent will provide a spreadsheet that shows a summary of discrimination complaints received at the Central New Mexico Facility. This will be provided to the EEOC on an annual basis with the 1st report due 9 months from the date of this agreement and the 2nd report will be due 18 months from the date of this agreement. Each complaint will contain a summary of the complaint, the person(s) involved and how the complaint was resolved.

4a) Respondent agrees, throughout the duration of this Agreement, to file a Report with the Area Director of the Albuquerque Area Office of the Equal Employment Opportunity Commission, which sets forth: the training completed, the registry of persons attending, and a list of managerial and supervisory personnel within thirty (30) days of completion of each training session.

5) There are a total of 16 class members currently identified (including both Mr. Henderson and Mr. Tenorio) and the following damages are for all identified class members and unidentified class members.

Compensatory Damages: $1,150,000

| | |
|---|---|
| Backpay: | $493,368 |
| Attorney Fees: | $16,250 |
| Unidentified Class: | $500,000 |

Please contact me on or before April 30, 2014 to indicate whether or not these terms are acceptable.

Let me know if you have any other questions.

Jeff Stuhlmann
Federal Investigator
(505) 248-5223
(505) 248-5239 (Fax)

1

# EXHIBIT W

**State of New Mexico**
**Corrections Department**
Central Office Administration
4337 State Road 14, Santa Fe, NM 87508
PO Box 27116, Santa Fe, NM 87502-0116
www.corrections.state.nm.us
Phone: 505.827.8600 - Fax: 505.827.8220

**Gregg Marcantel**
Secretary 505.827.8884

**Aurora B. Sánchez**
Deputy Secretary of Administration
505.827.8631

**Joe W. Booker, Jr.**
Deputy Secretary of Operations
505.827.8667



Susana Martinez
Governor

Administrative Services 505.827.8601
Adult Prisons 505.827.8767
Corrections Industries 505.827.8906
General Counsel 505.827.8698
Information Technology 505.827.8713
Probation & Parole 505.827.8830
Office of Recidivism Reduction 505.827.8541
Training Academy 505.827.8900

**"We commit to the safety and well-being of the people of New Mexico by doing the right thing, always."**

June 6, 2014

Mr. Jeff Stuhlmann, Investigator
U. S. Equal Employment Opportunity Commission
505 Marquette, NW, Suite 900
Albuquerque, NM 87102

     Re:    Tenorio and Henderson Conciliation

            (543-2011-00991, 39B-2011-00158 & 543- 2010-01360)

Dear Mr. Stuhlmann,

The New Mexico Corrections Department (NMCD) has several questions regarding the terms of the EEOC's proposed conciliation of the above referenced charges.

## Request for Clarification on Item Three

    3) "Respondent will post a notice in a prominent location at all State Corrections Facilities that indicates the finding that was made pertaining to this charge and that re-iterates the Respondent's commitment to providing a discrimination free workplace. This posting will remain in place for a minimum of three (3) years."

The NMCD requests that the EEOC delineate the exact "finding that was made pertaining to this charge" so that there is no question what these postings are required to communicate.

## Request for Clarification on Item Five

    5) "There are a total of 16 class members currently identified (including both Mr. Henderson and Mr. Tenorio) and the following damages are for all identified class members and unidentified class members.

Compensatory Damages:  $1,150,000

Backpay:           $493,368

Attorney Fees:        $16,250

Unidentified Class:   $500,000"

a.  The NMCD requests the identities of the sixteen (16) class members that are currently identified (fourteen aside from Mr. Henderson and Mr. Tenorio).

b.  The NMCD requests that perfected charges of discrimination be provided to the Agency for each identified class member.

c.  The NMCD requests an opportunity to provide position statements to each perfected charge of discrimination for each identified class member.

d.  The NMCD requests a detailed explanation as to the calculation of "Compensatory Damages: $1,150,000" as well as an explanation of how this amount would be distributed among the identified class members.

e.  The NMCD requests a detailed explanation as to the calculation of "Backpay: $493,368" and information as to how it is to be distributed and evidence as to how the NMCD came to owe this amount of back pay.

f.  The NMCD requests a detailed explanation as to the calculation of "Attorney Fees: $16,250" in particular, the identity of the law offices or attorney(s) to be paid this amount, as well as a detailed record of billable hours accrued and at what rate.

g.  The NMCD requests a detailed justification as to the calculation of "Unidentified Class: $500,000" and an explanation as to how these monies will be distributed.

The NMCD is grateful for the opportunity to discuss this matter and will gladly further discuss and consider this conciliation proposal with our client once we have more detail as to the proposed terms and parties.

Thank you,


Alisson K Safir

EEO Officer | NMCD



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Albuquerque Area Office**

505 Marquette, N.W., Suite 900
Albuquerque, NM 87102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Albuquerque Status Line: (866) 408-8075
Albuquerque Direct Dial: (505) 248-5202
TTY: (505) 248-5240
FAX: (505) 248-5233
Enforcement FAX: (505) 248-5192
ADR FAX: (505) 248-5239
Legal FAX: (505) 248-5217
Website: www.eeoc.gov

July 1, 2014

VIA ELECTRONIC MAIL
allison.safir@state.nm.us

Alisson Safir
Civil Rights Specialist
OGS New Mexico Corrections Dept.
PO Box 27116
Santa Fe, New Mexico 87502-0116

Re:    Conciliation of Tenorio (543-2011-00991) and Henderson (39B-2011-00158 &
       543-2010-01360) Charges of Discrimination

Dear Ms. Safir:

In response to your letter dated June 6, 2014 the EEOC issues the following clarification to the questions you raised in the correspondence:

*Posting Clarification (Item No. 3)*

The notice that will be posted will state that a probable cause finding was made against the State Corrections Department regarding age discrimination and retaliation. If an Agreement is reached in these charges, the EEOC will provide the "Posting" that will be placed in each facility.

*Identification and Clarification for Aggrieved Individuals (Item No. 5)*

The following individuals have been identified as individuals who were aggrieved by the discriminatory or retaliatory actions in violation of the Age Discrimination and Employment Act ("ADEA"): Theodore Gray, Donald Guy, Conrad Romero, Paul Martinez, Larry Phillips, Albert Herrera, Ben Lujan, Marilyn Lujan, Antoinette Gutierrez, Robert Trujillo and Rich Cilleli. In addition, there are three (3) current State employees who wish to remain anonymous to prevent possible retaliation, but whom EEOC identified as aggrieved individuals.

In Respondent's request for more information, respondent made a formal request to receive the "perfected charges" for each aggrieved individual. In order to seek relief, the EEOC is not required to have "perfected charges" for each individual who was harmed by Respondent's discriminatory and retaliatory actions, as required by 706 (b) of Title VII of the Civil Rights Act of

**EXHIBIT Y**

1964, as amended. *See*, 42 U.S.C. § 2000e-5(b), (f); *General Tel. co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 324 (1980). Respondent has been served with every charge that has been filed by the aggrieved individuals, including Mr. Tenorio, Mr. Henderson and Paul Martinez. Each individual has been interviewed and the issues that they experienced were like and related to the allegations raised by Mr. Tenorio and/or Mr. Henderson's charges of discrimination, as they were treated differently or passed up for promotions because of their age, and were subjected to retaliatory treatment after they complained of the discrimination.   Similarly, because individual charges of discrimination do not have to be filed for each aggrieved individual, position statements are not necessary.   A determination has already been issued for Mr. Tenorio, Mr. Henderson, and a class of individuals who were also discriminated because of their age or because of the engagement in protected activity. *See* Letter of Determination dated September 26, 2013. However, Respondent is free to provide any information or evidence it deems helpful to the evaluation of conciliation regarding each individual identified by the EEOC.

With respect to the calculation of damages, compensatory damages were calculated based on EEOC interviews in which each Charging Party and Aggrieved Individual provided information about their work experiences and damages.  Based on their responses, compensatory damages were calculated and then the total amount of damages was provided to Respondent in the original conciliation offer, dated April 16, 2014.  Upon reaching a finalized conciliation agreement, the EEOC will utilize objective criteria to determine the amount distributed to each individual, taking into consideration the elements of their claims, tenure, severity of the harm, and damages.

Not all aggrieved individuals will receive back pay.  However, if an aggrieved individual applied for a promotion and the position was given to a younger, less qualified applicant then they were deemed to be entitled to back pay.  The back pay calculated is the difference between the employee's current salary and what they would have been paid if they were promoted. After this number is obtained, the damages were liquidated (doubled), totaling the final amount of back pay for each aggrieved individual. The individual back pay amounts totaled as follows:

- Anonymous:        $10,000
- Theodore Gray:    $19,356
- Donald Guy:       $12,240
- Conrad Romero:    $2,912
- Anonymous:        $16,128
- Larry Phillips:   $99,840
- Albert Herrera:   $17,483
- Rich Cilleli:     $60,320
- Ben Lujan:        $20,800
- Anonymous:        $8,320
- Robert Trujillo:  $27,955
- Henderson:        $101,920
- Robert Tenorio:   $96,094

Also, the attorney fees are based upon the time incurred for Mr. Tenorio's attorney, Justin Pennington, who billed the time incurred for his client at the hourly rate of $250. If you require additional details about the attorney fee calculation you may contact Mr. Pennington directly at 505-842-9164.

Lastly, the "Unidentified Class" is an estimate made by the EEOC of other putative class members who may have been subjected to similar actions of discrimination and retaliation from July 16, 2010 to September 26, 2013, in the correctional facilities statewide, including corrections and probation departments. This amount was estimated based on the over 2,000 individuals employed by the State Corrections Department during the relevant time period in the protected age group (over 40). Based on the employee list provided by Respondent, approximately 4% responded to EEOC's initial request for contact. If additional resources were expended to establish subsequent contact with the putative class, EEOC estimates that at least an additional 11 aggrieved individuals may be identified, especially since the alleged discriminatory official in this case oversaw all the correctional facilities for DOC. Presuming there are another 11 number of aggrieved individuals, EEOC seeks relief for these individuals totaling around $45,000 per person. EEOC will utilize the same distribution process clarified above to determine the specific amount each person will be awarded in the event this matter conciliates.

Please provide a counter-offer related to the conciliation of these charges on or before July 14, 2014. If I do not hear from you by July 14th, I will assume the New Mexico Department of Corrections does not wish to conciliate these charges and you will receive notice that conciliation attempts have failed.

If you have any other questions about this letter, please do not hesitate to contact me.

Sincerely,

Jeff Stuhlmann,
Investigator

## <u>LARRY PHILLIPS</u>
5/24/12 – Phone

- I work at the Los Lunas facility – 5 years.
- Tenorio is a supervising role ____ CP.
- He's an excellent employee – I've never had any problems with him.
- Complain based on chain of command. This is in the policy and procedure handbook.
- I wanted to get promoted and I – 5/2010 talked w/ Warden Romero and he told me if you are over 40 he was not going to promote me. This was a ____ meeting – no witnesses.
- He was joking that he had people with college degrees working for him and he didn't have any education above HS.
- I've applied for promotions but I've been denied. I applied for Warden in Springer and I didn't ever get an interview. – 2/2012
- John Sanchez was selected. I think he is under 40. I didn't know if Romero was involved in this selection.
- I have a Masters Degree in Organizational Mgmt.
- Richard Henderson was told that they were too close to retirement age and that is why they weren't hired. I believe Romero would of made a command like this. He favors individuals under 40 for promotions. Person selected was less qualified and under 40.
- If you do not agree with Romero he will retaliate against you to make you look bad or to make it hard on you to continue working there.
- He gave preferential assignments to people who were loyal to him. If you went against him Romero would retaliate.
- Romero stepped down to a Deputy Warden promotion but 5 weeks later he was promoted to Warden.
- I do not know if Romero has continued age discrimination since he moved to Santa Fe.
- I believe the Department discriminates against people over 40 – I think this is Dept. of Corrections wide. There is also politics involved.
- I believe Tenorio has been retaliated against by being denied promotion since he filed this EEO charge.
- If Romero was involved in the Springer Warden position he would use his influence to help me __ Tenorio from getting promoted.
- Unit mgr. -6/10 roughly position. – Romero did not interview the top 3 – he just selected the person he wanted. Chris Norman – 35 selected.
- I applied for it and was very well qualified. Romero was the selecting official.
- Promotion for CP if he got it.

**EXHIBIT Z**

### Albert Herrera
06/07/13 Contact

- Romero moved me to the main facility – I didn't want to go there.

- He knew I didn't want to go – so as a result I retired. – I had to buy 10 months in ___ to be eligible. $2,800 ___ bring it back.

- Buy who replaced me was 36 years old – definitely younger than me. He'll call back with ___

- He Romero wanted me to build a grage for his personal car. – Chevelle that Romero owned. He told me to do work on his personal car – not allowed.

- I gave you a directive – when I tell you to do something you just do it.

- Romero was trying to phase out the older employees and then replace them with younger employees who would not question his authority.

- I would of still been there today if Romero didn't force me to retire.

- I never heard Romero make age related comments.

- I resigned ___ then he writes up – for insubordination or for ___ other bogus ____.

- I never had any problems until Romero became warden.

## ROBERT TRUJILLO

## Contact Notes 7-18-13

- 980 Pinzon, Los Lunas, NM 87031

- 4/1/64

- 903-3575 (H)

- Jeter Harrel – also in 30's; J. Sedillo – early 30's not selected

- I put in for Sgt. Position.  I was on the list for promotion – but the list got thrown out. Romero was warden at the time

- CP can't recall the date – but Romero was warden at the time – 3/2010

- Romero did training on "[illegible]" – why would I want to promote some old, crusty officer when I could have a newer, younger employee

- I did not try for any other positions – I got discouraged gave up on trying to get promoted

- CP is unsure if he wants to be a class member – due to possible retaliation since Romero is in an even higher position at this time

- I haven't put in for any other promotions

**ANTOINETTE GUTIERREZ**
**Contact Notes 8-2-13**

- 3349 Chimney Rock Rd. Los Cruces, 88011; 575-523-3408

- CP – 50 yrs. old.

- Person who got it 31

- Worked for 35 years.  I don't believe they were better qualified than me.

- Warden Nance made the call – 60 yrs old

- Disciplinary Officer – 31 – filled 4/2013

- Program Mgr. – 35 yr. old got – 6/2013; Jeanette Bennindez

- Kathleen Hodges – 60?

- No comment about her age – just the fact that there 2 younger people were promoted with less expierience

**Theodore Gray**
08/07/13

- I work at the Southern facility. CP stated 10/2000.

- Sgt. - _____.

- I _____ ago CP interview for Lt. position ___ years like people selected have been younger than ___. Carlos Saiz – he's around my age.

- Last 2 years – CP has tried to ___ promotion 3 times. R has promoted 7 people ahead of him. Only 1 around his age – others were much younger.

- CP never complaint about age discrimination – but he did complaint about race discrimination. Complaint to Captain Adam Silva Internal Affairs. 7/2012 – also a Lt. position. CP in black.

- An extension cord – noose someone put in my _____.

- Possible ____ - why he didn't get to position.

## __Donald Guy__
08/27/13

- My DOB is 1/26/55.

- No retaliation. I've never complained about not being promoted.

- CP is a probation officer – I work in the Rio Rancho office. CP is very well qualified.

- I applied for a promotion multiple times for STIU – Strategic Threat Intelligence Unit.

- R has hired younger – 4/2013 applied employees/ I applied for 3 of these positions and I haven't got any. Only 1 was selected a younger female – Emily Edinger late 20s?

- I applied for supervisor[?] in Los Lunas with Probation/Parole. It wasn't filled.

- I also applied ABQ Supervisor[?] – applied in 6/2013 and a person in late 20s got the job.

- The employees who occupy the positions are much younger.

# PAUL MARTINEZ
8/30/13

• CP __ Lt. for 2 years – Los Lunas
• Security Threat Intelligence Unit promotion ___ open and it was given to a younger employee – Jessie Diaz – just given to him 3 weeks ago. Job not ever advertised. About 32 years old.
• This would of ___ a promotion more opportunity to move up the system.
• My DOB 1/31/55
• Called old man by Jessie Diaz.
• I tried to complain to the Warden by they did nothing about it.
• CP wants to file his own separate charges – he'll come in to file.

11/20/13

• STIU Lt. position was given to much younger employee ___ filled Jesse Diaz – 34 yrs. Old just given to him – not ____.
• If I got the job it would of been the same pay rate that he has now – but potential advancement opportunities would be better.
• R put CP in remedial -10/2013 training – I think this was retaliation for ___ being a witness.
• I never requested this and I don't think I needed this remedial training.

## <u>CONRAD ROMERO</u>
## Contact Notes 10-24-13

- 505-979-8742

- Box 272, Maxwell, NM 87728

- DOB 5/4/51

- I applied for [illegible] position 9/2013

- Person selected was 22 yrs. old – James Montoya

- I was interviewed but not selected.  Warden, Deputy Warden was on the interview panel

- I've been with Correction 7 years.  The person selected has only been there 2 years.  I don't know who made the hiring decision.

- I have a college degree – he doesn't have one to my knowledge

- 46 years old – Josephine Vigil also applied

- Fired – due to poor performance

- [illegible] can't get [illegible]

**<u>Ben Lujan</u>**
11/19/13

- Late 2012 - unit manager position.
  $5 per hour difference.

- CP currently $18/hr -  unit manager 23/hr

- CP will call me back with date of selection.

## **Richard Chilelli**
08/27/13

- I am Lt/ at the Los Lunas facility. 12 years – I've been here. DOB – 1/16/1969

- I put in for a Captain Position – 12 times and _____ never got it.

- I don't know if Anthony Romero was involved in the promotions or not.

- People that were selected were all younger. Early 30's – 8 _____ age promoted.

- Rolando Valencia – was my subordinate and now he's my Captain.

- I believe I didn't get it due to my age.

- I've never complained internally – no retaliation to me. Morale is very low due to how mgt. runs things and promotes people.

- Romero allegedly told Henderson that Sweeney was promoted because he is younger and he's gonna be around a while.

- Henderson is very honest – I believe he is telling the truth and I think he's credible.

## **Richard Chilelli**
11/20/13

- CP applied for Captain for 1>2 time in 6/2008 and roughly 12 times since then.

- 19.30 hr as Lt.

- 15% increase if he got the Captain position.

- CP applied every time after that for Captain but he never got the promotion.

**<u>Marilyn Lujan</u>**
05/24/12

- I've been at Los Lunas 5 ½ - I am 56 years old.

- I was a secretary – Romero removed me to be major's secretary which I was doing already I basically did nothing – I was done at 8:15 and not productive.

- I believe Romero did this to retaliate against me since he couldn't verify that I was allegedly embezzling funds, or that I am old and he wanted to get rid of me.

- I never heard age comments but I don't doubt that Romero stated he wanted "young blood" in the major position.

- I survived in the do-nothing position until Romero left.

- Romero does retaliate against people who go against him or complain about him. He wrote up Daniel Sedillo for just doing some outreach because he didn't have childcare – he wanted some of the captains to watch the child.

- I never applied for a position while Romero was here.

- Romero re-assigned Henderson and I believe this was retaliation for his EEO complaint.

- Tenorio was also moved to a different prison – to level 2 and I believe this was retaliation for his EEO complaint or his involvement in Henderson's ___. Romero moved Tenorio to waste water and he was trying to set him up to fail. It was already a mess before Tenorio was assigned to work there.

- I've never had EEO training. I do not know what the complaint pending is. I tried to go to the union but they didn't do anything either.

- Romero was allegedly moved to Santa Fe for personal reasons – his wife and kids live in Santa Fe.

- Tenorio applied for Springer warden and Grants but he didn't get either promotions. Tenorio was most qualified but not selected. Romero was on the selection committees for Springer and I believe he retaliated against Tenorio by denying him this position.

- The new warden is very good. No issues with him.

- Romero does discriminate due to age and also retaliation. I know while Romero was in Grants he had sexual harassment charges against him.

**<u>Marilyn Lujan</u>**
11/19/13 Contact

- CP is secretary and she never put in for a promotion.

- No promotions applied for

- CP mainly just the retaliation and selection

**State of New Mexico**
**Corrections Department**
Central Office Administration
4337 State Road 14, Santa Fe, NM 87508
PO Box 27116, Santa Fe, NM 87502-0116
www.corrections.state.nm.us
Phone: 505.827.8600 - Fax: 505.827.8220

*Gregg Marcantel*
Secretary 505.827.8884

*Vacant*
Deputy Secretary of Administration
505.827.8631

*Joe W. Booker, Jr.*
Deputy Secretary of Operations
505.827.8667



*Susana Martinez*
Governor

Administrative Services 505.827.8601
Adult Prisons 505.827.8767
Corrections Industries 505.827.8906
General Counsel 505.827.8698
Information Technology 505.827.8713
Probation & Parole 505.827.8830
Office of Recidivism Reduction 505.827.8541
Training Academy 505.827.8900

**"We commit to the safety and well-being of the people of New Mexico by doing the right thing, always."**

Mr. Jeff Stuhlmann, Federal Investigator
U.S. Equal Employment Opportunity Commission
Albuquerque Area Office
505 Marquette, NW, Suite 900
Albuquerque, NM  87102

Dear Mr. Stuhlmann,

After careful consideration, the New Mexico Corrections Department now elects to decline the EEOC's offer of conciliation in the matters of charges #543-2011-00991, #39B-2011-00158 & #543-2010-01360.

Thank you,

/s/

Alisson K Safir
Civil Rights Specialist
OGC NMCD

P.O. Box 27116
Santa Fe, NM 87502-0116
Direct: 505.827.8663
Email: Alisson.Safir@state.nm.us

**EXHIBIT AA**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Albuquerque Area Office**

1965    2015

505 Marquette, N.W., Suite 900
Albuquerque, NM 87102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Albuquerque Status Line: (866) 408-8075
Albuquerque Direct Dial: (505) 248-5202
TTY: (505) 248-5240
FAX: (505) 248-5233
Enforcement FAX: (505) 248-5192
ADR FAX: (505) 248-5239
Legal FAX: (505) 248-5217
Website: www.eeoc.gov

VIA Electronic Mail: alisson.safir@nmstate.nm.us                    September 26, 2014
VIA Electronic Mail: alisson.safir@state.nm.us
Alisson K. Safir
Civil Rights Specialist
OGC NMCD
P.O. Box 27116
Santa Fe, New Mexico 87502-0116

RE: Conciliation of Charges of Discrimination Nos. 543-2010-01360 (Henderson), 543-2011-00991 and 39B-2011-00158 (Tenorio)

Dear Ms. Safir:

    Please be advised that EEOC is renewing its invitation to engage in conciliation regarding the above-referenced charges of discrimination, and thus, submits the following revised proposal.

*Non-Monetary Relief*

    Following is the same request for non-monetary relief made in EEOC's e-mail proposal of April 16, 2014.

1) Provide training for all Managers employed by the State Corrections Department regarding the Age Discrimination in Employment act and retaliation. This training will be conducted in person, by a qualified instructor for a minimum of 6 hours on an annual basis for a period of 3 years.

1a) Provide the same training specified in #1 above for all employees in the Human Resources/Hiring Department for a period of 8 hours. This training will be conducted on an annual basis for a period of 3 years.

1b) For all other employees not covered by #1 and #1a they will receive 4 hours of training on an annual basis for a period of 3 years.

2) No retaliation or age based discrimination shall be taken against any individual employed by the Respondent.

3) Respondent will post a notice in a prominent location at all State Corrections Facilities that

**EXHIBIT BB**

EEOC0002181

indicates the finding that was made pertaining to this charge and that re-iterates the Respondent's commitment to providing a discrimination free workplace. This posting will remain in place for a minimum of three (3) years.

4) Reporting Provisions –Respondent will provide a spreadsheet that shows a summary of discrimination complaints received at the Central New Mexico Facility. This will be provided to the EEOC on an annual basis with the 1st report due 9 months from the date of this agreement and the 2nd report will be due 18 months from the date of this agreement. Each complaint will contain a summary of the complaint, the person(s) involved and how the complaint was resolved.

4a) Respondent agrees, throughout the duration of this Agreement, to file a Report with the Area Director of the Albuquerque Area Office of the Equal Employment Opportunity Commission, which sets forth: the training completed, the registry of persons attending, and a list of managerial and supervisory personnel within thirty (30) days of completion of each training session.

EEOC welcomes further discussion of these proposals for non-monetary relief.

*Backpay Relief*

In an effort to advance conciliation, EEOC has recalculated back pay for the identified aggrieved individuals based on currently available information and the current totals are as follows:

| | |
|---|---|
| Richard Henderson | $111,726.40 |
| Robert Tenorio | $91,287.94 |
| Rich Cilleli | $34,800.00 |
| Theodore Gray | $23,047.68 |
| Donald Guy | $13,161.60 |
| Albert Herrera | $91,024.10 |
| Ben Lujan | $16,000.00 |
| Jerry Martinez | $187,276.00 |
| Paul H. Martinez | $36,226.08 |
| Jeri Moya | $15,030.00 |
| Conrad Romero | $ 2,912.00 |
| Larry Phillips | $155,964.80 |
| Robert Trujillo | $80,640.00 |

In addition, three individuals who wish to remain anonymous due to fears of retaliation have back pay claims of $8,320.00, $14,350.00 and $12, 854.40 which combined total $35,524.40.

Thus, the total back pay for indentified and anonymous aggrieved individuals is $894,621.00.

In addition, the ADEA provides for an equal amount in liquidated damages for a willful violation.  EEOC proposes resolution on liquidated damages in the amount of $894, 621.00.

*Estimated Relief for an Unidentified Class*

EEOC would also estimate backpay and liquidated damages for an unidentified class of approximately 11 additional potentially aggrieved individuals. As explained in our prior letter, dated July 1, 2014, EEOC arrived at the expected number of 11 additional persons by the fact that Respondent has over 2,000 employees and based on the expected response rate to additional efforts by EEOC to locate additional class members, EEOC estimates approximately 11 more individuals with claims related to those upon which EEOC found reasonable cause. Backpay is estimated by averaging the back pay of the total identified and anonymous class members and arriving at an average back pay amount of $55,913.81 and multiplying it by 11 for a total of $615,051.93 representing back pay for the unidentified class.  To encourage conciliation, we are not seeking liquidated damages for the unidentified class at this time.

*Rightful place promotion and/or reinstatement*

EEOC welcomes an opportunity to conciliate and discuss the rightful place promotion and, where applicable the rightful place reinstatement and promotion of all the aggrieved individuals, including reinstatement and promotion of Mr. Henderson and Mr. Tenorio. In the alternative, EEOC seeks applicable front pay.

*Other Relief to Effectuate the Purposes of the ADEA*

EEOC also seeks other relief that is appropriate to effectuate the purposes of the ADEA. For example, Robert Tenorio should be made whole for the $15,000.00 he paid to purchase enough credits to retire.

*Attorneys Fees and Costs*

Mr. Tenorio's counsel has indicated that for purposes of continued conciliation, the claim for attorneys' fees and costs can remain at $16,250, as stated in EEOC's April, 2014 e-mail at $16,250.00.

*Other Relief Available to Mr. Tenorio*

Please be advised that EEOC understands Mr. Tenorio also has claims under Title VII of the Civil Rights Act of 1964 and State Law that are not included in the EEOC calculations, including for example a claim for compensatory and punitive damages in the amount of at least $300,000.00.

Based on the foregoing revised proposal, EEOC again invites Respondent to join with EEOC in informal methods of conciliation, conference, and persuasion in an effort to eliminate the unlawful employment practices alleged in the Letters of Determination issued on September

EEOC0002183

26, 2013.  Please advise me by October 2, 2014 as to whether Respondent wishes to engage with EEOC in this conciliation process.

Sincerely,

*Derick Newton*

Derick Newton
Albuquerque Area Office Director

EEOC0002184

6/2010 Reply

- Unit mgr. position - Romero did not
  interview the top 3 - he just selected
  the person he wanted.        Chris Newman - 35
                                        selected.


- I applied for it and was very well
      qualified. Romero was the selecting official.

- promotion for CN if he got it.

**EXHIBIT CC**

EEOC0000154

## <u>UNKNOWN</u>
06-10 (Roughly)

- Unit mgr. – Romero did not interview the top 3_he just selected the person he wanted.
Chris _____ - 35<br>selected

- I applied for it and was very well qualified. Romero was the selecting official.

- Promotion for CP if he got it.

# RICHARD HENDERSON
## Contact Notes ~~7-16-10~~

- 8-23-60

- (505) 400-1718

- 323 Hillandale Ave., Belen, 87002

- Major – applied & 7/16 got word that Andrew Sweeney got the job – late 20's or early 30's

- I was interviewed.  I was told they were looking for longevity – basically that we are too close to retirement

- Anthony Romero – Warden is the one who made the final decision

- Gary Martinez also denied the promotion due to his age

- Contact – Susan Henderson



EXHIBIT
i 0

DEAN & ASSOCIATES,

Richard Henderson
8-23-60
323 Hillandale Ave
Belen, 87002

Major – applied + 7/12 got word not

Andrew Sweeney – got the job. late 20's or
early 30's.

I was interviewed. I was told they
were looking for longevity – basically that we
are too close to retirement.

Anthony Rivera – Hendren is the one
who made the final decision.

Gary Martinez also denied the position due
to his age.

Contact: Susan Henderson

Redacted

TO:

☐ NCC Referral        ☐ EEOC Referral _____        ☐ Other _____

Mr./Ms.

Richard Henderson

☐ Called
☐ Visited

of: Los Lunas

Phone # (505) 400-1718

☐ Mobile/Office
☐ Home/Message

Phone #

☐ Mobile/Office
☐ Home/Message

RE: Dept of Corrections - Los Lunas

Charge #: 1329 Morris Rd.        87031

Last Date of Harm: July 13, 2010

BASIS: ☐ Race ( _____ )        ☐ Religion        ☐ Color
       ☐ National Origin ( _____ )        ☐ Sex        ☑ Age ( _____ )
       ☐ Disability ( _____ )        ☐ Retaliation        ☐ Other

ISSUE: ☐ Denied Hire        ☑ Denied Promotion        ☐ Disciplined
       ☐ Terminated        ☐ Sexual Harassment        ☐ Harassment
       ☐ Denied Accommodation        ☐ Hostile Work Environment

Message:

CP turned down a promotion due to time in service. Ro wanted someone that had longevity (a younger person), that CP is too close to retirement

Received by: MY

EEOC0000968

Daniel Sedillo

Los Lunas Corrections Facility

[Redacted]

5/9/12
phone

- I've been with State Corrections for 19 years.

- I am Acting Deputy Warden

- We have annual overview it is very high general overview.

- Not aware of Age Discrimination Training.

- Tenorio is a very knowledgeable employee.

- Hudson did not get a Majors position and he was told it was due to his age and he needed longevity in the position. I believe Romero did make this statement - it was not with the old and in with the new.

- The person selected was not nearly as well qualified. Andrew Sweeney got the job.
  - ~ that 30's

- Romero wrote me up for not having child care and he wanted me to have another officer care for her - I disagreed and he wrote me up. He then took away my secretary and put her in a new area. This was retaliation for the disagreement over child-care.

EEOC0000163



- Romero would retaliate if you disagreed with him. He did it to Hederson, Tervio and me.

- Hederson filed an internal grievance and 3 days later Romero had him investigated for alleged wrong doing.

- Tervio investigated and found Hederson did nothing wrong. Romero then retaliated against him by transfering him and writing him up.

- Write ups on Tervio weren't legitimate - it was retaliation. Romero had a bias against other employees. Promotions do not come up very often.

- Romero devalued himself - he was mis-using staff property and inmate labor. He transfered to Santa Fe as a Deputy Warden.

- Romero did get even with anyone who was against him. Romero targeted Juan Lopez over 40 - while at the Western Facility.

- Warden Garcia took over for Romero - and he is very good.

- Tervio applied for Springer & Santa Fe Warden positions Romero was on the interview panel for Springer.

- Romero would prevent Tervio from getting promoted if given the chance.

EEOC0000164

Governor gets involved if necessary - but
Secretary of Corrections has final authority
Greg Marchantel.

The 2 people selected for Springer and
Santa Fe are not as qualified as Tervio.

I believe the State is retaliating against
Tervio by not promoting him to Warden.

Rivers was very insecure - he didn't like
having people around who knew more
than him - This includes Jacobson & Tervio.

EEOC0000165

## <u>DANIEL SEDILLO</u>
## Phone Contact Notes 5-09-12

- I've been with State Corrections for 19 years

- I am Acting Deputy Warden

- We have annual overview it is very brief general overview

- Not aware of age discrimination  [illegible]

- Tenorio is a very knowledgeable employee

- Henderson did not get a Majors position and he was told it was due to his age as he needed longevity in the position.  I believe Romero did make this statement – it was out with the old and in with the new.

- The person selected was not nearly as well qualified.  Andrew Sweeney got the job (mid 30's)

- Romero wrote me up for not having child care and he wanted me to have another officer care for her – I disagreed and he wrote me up.  He then took away my secretary and put her in a new area.  This was retaliation for the disagreement over child care.

- Romero would retaliate if you disagreed with him.  He did it to Henderson, Tenorio and me.

- Henderson filed an internal grievance and 3 days later Romero had him investigated for alleged wrong doing

- Tenorio investigated and found Henderson did nothing wrong.  Romero then retaliated against him by transferring him and writing him up.

- Write ups on Tenorio weren't legitimate – it was retaliation.  Romero had a bias against older employees.  Promotions do not come up very often.

- Romero demoted himself – he was missing State property and inmate labor.  He transferred to Santa Fe as a deputy Warden.

- Romero did get even with anyone who went against him.  Romero targeted James Lopez over 40 – while at the Western facility

- Warden [illegible] took over for Romero – and he is very good.

- Tenorio applied for Springer & Santa Fe Warden positions.  Romero was on the interview panel for Springer.

- Romero would prevent Tenorio from getting promoted if given the chance.

- Governor gets involved if necessary – but Secretary of Corrections has final authority Greg Marcantel.

- The 2 people selected for Springer and Santa Fe are not as qualified as Tenorio.

- I believe the State is retaliating against Tenorio by not promoting him to Warden.

- Romero was very insecure – he didn't like having people around who knew more than him – this includes Henderson & Tenorio.

5/30/13 Tenorio Contract

**#3**

I did object. I said Henderson
was not guilty and I never change
my finding.

- Lenero called me in 3 separate times
and demand that I find Henderson
guilty but I would not do it

- I couldn't really complain to anyone
since he was the top man/warden.

- After I told him I would not
change the finding - he just started
retaliating against both of them - more
after that.

**#4**

I requested this meeting. I did this
to try & stop the harassment. At
this meeting Lenero went through a list
of things that I was doing wrong.
George Tapia was Warden Lenero's boss.
Both of them told me that all this
could go away if you just retire.

**(55?)** George Tapia - Director of Adult Prisons -
in santa fe. - Oversaw all Wardens

- Nothing changed after the meeting & I just
tried to last as long as I could.

EEOC0001086

CP contact 6/5/13

* Captain Position - Henderson

32,70/HR - Mid Range Rate for Captain position
that CP was denied.

24.84 - Rate at time of not getting position.

I've applied for Deputy Warden twice
since Romero left - but I was not selected
for either position. 7/2012 was able to while fill
was open.
CP will get back with dates that
he applied. To CP's knowledge Romero
was not involved in the selection
process for these positions.

## **ROBERT TENORIO**
5/30/13 Contact

#3

• I did object. I said Henderson was not guilty and I never changed my finding.

• Romero called ___ in 3 separate times and demanded that I find Henderson guilty but I would not do it.

• I couldn't really complain to anyone since he was the top ___/warden.

• After I told him I would not change the finding – he just started retaliating against both of them – more after that.

#4

• I requested this meeting. I did this to try to stop the harassment. At this meeting Romero went through a list of things that I was doing wrong. George Tapia was Warden Romero's boss. Both of them told me that all this could go away if you just retire. (55?) George Tapia – Direction of Adult Prisons – in Santa Fe. – oversaw all Wardens

• Nothing changes after the meeting and I just tried to last as long as I could.

CP contact 6/5/13

• Captain Position – Henderson
• 32.70/hr – mid range rate for captain position that CP was denied.
• 24.84 – rate at time of not getting promotions.

_____

• I've applied for Deputy Warden twice since Romero left – but I was not selected for either position. 7/2012 was ___ but he couldn't find ____
• CP will call back with dates that he applied – ___ CP's _____ Romero was not involved in the selection process for their promotions.

Redacted

8/6/13

877-4933(H)                    4/15/65 DOB

Lt. Gabriel J Martinez
1426 Bonito Rd SW
ABQ 87105

- I began 1989 w/corrections
- I think R does discriment
  based on age — They won't promote
  because they think the person is
  close to retirement — so they put
  in a younger person          Attorney Romero
                          — I believe was
                          involved in selection

- I applied for captain — 4/2013 — it
  was given to a younger but
  \ CP was mentioned. Rolando — 35 years
                          Valencia?    old.
  Romero was not on the panel.

- He is much less experienced than
  me.

- I'm in Los Lunas Facility.

- Henderson should of got Majors position
  he was by far the best qualified.
  It was given to Sweeney — much
  less qualified.

- I believe I wasn't selected due
  to my age. They think I'm too
  close to retirement.

EEOC0001077

1/8/14
Phone
Contact

Gabriel Martinez
934-4789

4/2013 — Caption given to a young
employee — 35 years old.

+2 raise-hourly up got Captain.
40 hours/week — FT employee.

EEOC0001078

**Transcription  08/06/2013    Gabriel Martinez**

877-4933 (H)

DOB: 4/15/65

Lt. Gabriel Martinez

1426 Bonito Rd SW

Albuquerque, NM 87105

I began 1984 with corrections.

I think Romero does discriminate based on age – they won't promote because they think the person is close to retirement – so they put in a younger person. Anthony Romero I believe was involved in retaliation.

I applied for Captain on 04/20/13 – it was given to a younger ____ – 35 years old. CP was interviewed. Rolando Valenica. He is much less experienced than me.

Romero was not on the panel.

I'm in the Las Lunas facility.

Henderson should have gotten the Major promotion. He was by far the best qualified. It was given to Sweeney – much less qualified.

I believe I wasn't selected due to my age. They think I'm close to retirement.

**Transcription  01/08/2014    Gabriel Martinez**

Gabriel Martinez        934-4789

4/2013 – Captain given to a younger employee – 35 years old

$2.00 raise – if got Captain

40 hours a week – FT employee

Steve Martinez

8/6/13

Redacted

- Search for location
- If is 44 years old - would not give DOB!
- Position was given Sergio Avila - Maintnance Supervisor. 46 years
- No Basis - person hired for the position is older than the CF

EEOC0001134

## **STEVE MARTINEZ**
8/16/13

• Santa Fe location
• CP is 44 years old – would not give DOB.
• Position was given Sergio Avila – 46 years – maintenance supervisor.
• No basis – person hire for the position is older than the CP.

Paul Sangalli

8/7/13

Redacted

— I believe Age Discrimination was there — but I don't have specific examples.

Retaliation was rampant at the Los Lunas facility.

I don't know if Anthony Rivera was involved in the retaliation or not — it would be pure speculation.

— I can verify there was dirty Magnesium by-product, chemistry and it was a very poorly managed facility.

— CP is not a class member, I just left since I didn't like working there and I got in trouble for a whistleblowing incident.

EEOC0001156

**PAUL SANGALLI**
**Contact Notes 8-07-13**

- I believe Age Discrimination was there – but I don't have specific examples.

- Retaliation was rampant at the Los Lunas Facility.

- I don't know if Anthon Romero was involved in the retaliation or not – it would be pure speculation.

- I can verify there were [illegible] – lying, cheating and it was a very poorly managed facility.

- CP is not a class member.

- I just left since I didn't like working there and I got in trouble for a whistleblowing incident.

Paul Sangalli

3/7/13

Redacted

I believe Age Discrimination was there — but I don't have specific examples.

Retaliation was rampant at the Los Lunas facility.

I don't know if Anthony Rivero was involved in the retaliation or not — it would be pure speculation.

I can verify they were badly managed — lying, cheating and it was a very poorly managed facility.

Redacted

I just left since I didn't like working there and I got in trouble for a whistleblowing incident.

## **PAUL SANGALLI**
08-07-13 –Contact

- I believe age discrimination was there – but I don't have specific examples.

- Retaliation was complained at the Los Lunas facility.

- I don't know if Anthony Romero was involved in the retaliation or not – it would be pure speculation.

- I can verify that what Deputy ____ lying, ____ and it was a very poorly managed facility.

- I just left since I didn't like working there and I got in trouble for a whistleblowing incident.

9/10/13                    Annette Gallegos

Phone                       505-699-9369

CD 1yr 6/2013 — CA retired — Santa Fe
location. — Wardens Admin. Asst

— Quality Assurance Mgr. — 6/2010 — male over
40 was selected — but I am 54.

— No age related comments.

— I worked for Anthony Romero — but
I never had any problems
working for him.

EEOC0000699

## <u>ANNETTE GALLEGOS</u>
09-10-13 – Phone

- CP left 6/2013 – CP retired – Santa Fe location. Warden's Admin. Assistant.

- _____ Assistant Mgr. – 6/2010 – male over 40 was selected – but I am 54.

- No age-related comments.

- I worked for Anthony Romero – but I never had any problems working for him.

Debra

Harris

Redacted

Redacted

Redacted

8/27/13

- Warden said he would not hire people over 30 for Captain position Anthony Rovers — Warden made this comment

- I applied for promotion to Captain 3-4 times but I have not get selected.

- I also applied for Unit Mgr 3-4 times & never got job.

- CP DOB - 5/16/55 — people selected were under 40 — less sr. & less qualified.

- He normally gave me a reason why I wasn't selected

- I applied for Captain in 2011 - it was given to someone in his mid 30's — but I can't recall his name.
                          Mr. Rigdon
- I was interviewed for the position. Rovers was not on the panel.

EEOC0000845

I don't think I was retaliated against. I did not complain about the age discrimination.

- I retired - voluntarily - 25 years service.

- Retired 12/21/12. If I got Captain I would of stayed longer.

EEOC0000846

## **<u>DEBRA HARRIS</u>**
## **Contact Notes 8-27-13**

- Warden said he wouldn't hire people over 30 for Captain's promotion – Anthony Romero – Warden made that comment

- I applied for promotion to Captian 3-4 times but I never got selected.

- I also applied for [illegible] Mgr. 3-4 times & never got job.

- LP DOB 5/16/55 – people selected were under 40 – less qualified

- R normally gave me a reason why I wasn't selected

- I applied for Captain in 2011 – it was given to someone in his mid 30's – but I can't recall his name.  Mr. Rigdon

- I was interviewed for the position.  Romero was not on the panel.

- I don't think I was retaliated against.  I did not complain about the age discrimination.

- CP retired – voluntarily – 25 years service.

- Retired 12/21/12.  If I got Captain I would of stayed longer.

Debra

Harris

3/27/13

Redacted

Redacted   Redacted

Warden said he would not hire people over 30 for Captain position thinking Rovers - Warden made this comment

I applied for promotion to Captain 3-4 times but I never got selected.

I also applied for Unit Mgr 3-4 times & never got job.

cf DOB 5/16/55 - people selected who under 40 - less sr. & less qualified.

- R. normally gave me a reason why I wasn't selected

I applied for Captain in 2011 - it was given to someone in his mid 30's - but I can't recall his name.   Mr. Rigdon

I was interviewed for the position. Rovers was not on the panel.

EEOC0001082

- I don't think I was retaliated against. I did not complain about the age discrimination.

- CP retirement - voluntarily - 29 years service.

- Retired 12/21/12. I if I got Captain I would of stayed longer.

EEOC0001083

## <u>DEBORAH HARRIS</u>
08-27-13 – Phone


- Warden said he wouldn't hire people over 30 for captain position Anthony Romero – Warden made this comment.

- I applied for promotion to Captain 3-4 times but I never got selected.

- I also applied for Unit Manager 3-4 times and never got job.

- CP DOB 5/16/55 – people selected were under 40 - ____ ____ _ ____ qualified.

- R[omero] normally gave me a reason why I wasn't selected.

- I applied for Captain in 2011 – it was given to someone in his mid 30's – but I can't recall his name. Mr. Rigdon

- I was interviewed for the position. Romero was not on the panel.

- I don't think I was retaliated against. I did not complain about the age discrimination.

- CP retired – voluntarily – 25 years service.

- Retired 12/21/12. If I got Captain I would of stayed longer.

9/5/13

Joe Fasanella

Redacted

Phone

Redacted

9/4/50 - PDB

I was at a meeting where my
supervisor — said he was going to Alnefromate unknown
replace older employees with younger
workers — David ~~Garcia~~ Huerta — Santa Fe
CA-1 office.          Director of Recruiting
                     Robinson

I worked in ABR — I was the HR by
Education Bureau Chief.   I was
fired 4/2013.  — Due to illegal
misconduct.

Under Dept. of Corrections.

Person who replaced me was younger person
in 40's replaced.  — can't recall
her name.

## JOE FASANELLA
## Phone Contact Notes 9-5-13

- 7/4/50 - DOB

- I was at a meeting when my supervisor – [illegible] he was going to replace older employees with younger workers – David Huerta – Santa Fe – Director of Re [illegible]

- I worked in ABQ – I was the [illegible] Education bureau Chief.  I was fired 4/2013 – due to alleged misconduct

- Under dept. of Corrections

- Person who replaced me is younger person in 40's replaced – can't recall her name

Jo Anne Parrish

9/5/13

phone

[Redacted]

- I worked in Recidivism Reduction.

Charles Knipffy - 70 year old - was my Director.

- New Secretary was appointed also.

- I was reassigned - not voluntarily to a new Department. I worked under Charles Knipffy. I was basically his secretary but I was paid the same in my prior position

- No negative comments about age. I went to widen job - now I'm an Administrative Law Judge.

It seems like Charles Knipffy was forced to retire.

A lot of Nepotism/politics

EEOC0000700

## <u>JO ANNE PARRISH</u>
## Phone Contact Notes 9-5-13

- I worked in [illegible]

- [illegible] 70 years old – was my Director

- New secretary was appointed also

- I was reassigned – not voluntarily to a new department.  I worked under Charles [illegible].  I was formally her secretary but I was [illegible' in my prior position

- No negative comments about age.  I went to [illegible[ - now I'm an Administrative Law Judge

- It seems like Warden [illegible] was [illegible]

- A lot of nepotism/politics

Jo Anne Parrish

9/5/13

Redacted

phone

I worked in Recidivism Reduction

70 year old
Charles Knipfing - was my Director

New Secretary was appointed also.

I was reassigned - not voluntarily to a
new Department. I worked under
Charles Knipfing. I was barely doing
something but I was paid to
you in my prior position

No negative comments about age. I went
to college girlfriend - now I'm an Administrative
Law Judge.

It seems like Charles Knipfing was forced
to retire.

A lot of Nepotism/politics

EEOC0000700

**<u>Jo Anne Parrish</u>**
09-5-13 – Phone

- I wanted in _____ _____. 70 years old. Charlene Knifping was my director.

- New secretary was appointed also.

- I was _____ - not voluntarily to a new Department. I worked under Charlene Knifping. I was _____ her secretary but I was paid the same in my ____ _____.

- No negative comments about age. I went to _____ ___ - now I'm an Administrative Law Judge.

- It seems ____ Charlene Knipfing was _____ to retire.

- A lot of nepotism/politics

9/10/13    Annette Gallegos

Phone    505-699-9369

CP 174 6/2013 — CP retired — Santa Fe
location. — Wardens Human. Asst.

Qualifying Assessment Mgr. — 6/2010 — male over
40 was selected — but I am 54.

No age related comments.

I worked for the Navy Romero — but
I never had any problems
working for him.

EEOC0000699

### <u>ANNETTE [*ALLEGON*]</u>
**Phone Contact Notes 9-10-13**

- 505-699-9369

- CP left 6/2013 – CP retired – Santa Fe location – Warden's Admin Asst.

- [illegible] – 6/2010 – male over 40 was selected – but I am 54

- No age related comments

- I worked for Anthony Romero – but I never had any problems working for him

Edward Gonzales

9/19/13

[Redacted]

I work in Central Office – 4-2 Fe.
I'm Interstate Compact Mgr.

I've applied for "Facilities" – for adult
prison. 4/2013 – This Mgr. – I don't
know if it was – over 20 years last
8 years.

Alan Dominguez hired – 35? Security Threat
coordinator.
4/2013

I don't know if hires were posted
for this position. I've applied for
many jobs & I believe been getting
interviewed.

I interviewed x Cabinet Secretary / Deputy
Secretary.
9/2012

I know (feel) they retaliate if you
complain – they'll find something on you

## EDWARD GONZALES
### Phone Contact Notes 9-19-13

- I work in Central Office – Santa Fe.  I'm Interstate [illegible] Mgr.

- I've applied for "facilities" – for adult prison.  4/2013 – [illegible] Mgr.  I don't know if it was over 20 jobs in last 8 years

- Alan Dominguez hired – 35?

- I don't know if Romero was involved for this process.  I've applied for many jobs & I [illegible] from getting interviewed

- I [illegible' & Cabinet Secretary/Deputy Secretary

- I know 9/2012 they retaliate if you complain – they'll find something on you

Edward Gonzales

9/19/13

Redacted

I work in Central Office - S. Fe.
I'm Fingerprint Support Mgr.

- I've applied for "Facilities" - for whole
prison. 4/2013 - Unit Mgr. - I don't
know if it was - over 20 jobs in last
3 years

- Alan Domingue hired - 35?? Secure Threat
coordinator
4/2013

- I don't know if there was anything
for this person. I've applied for
my job & I couldn't even getting
interviewed.

- I implemented x current Secretary / Deputy
Secretary.
9/2012

- I know/feel they retaliate if you
complain - they'll find something on you

EEOC0001081

### Edward Gonzales
09-19-13

- I worked in Control Office – Santa Fe. I'm Interstate Compact[?] Mgr.

- I've applied for "Facilities" for adult prison. 4/2013 - ___ mgr. I don't know if it was – over 20 ___ in last 8 years.

- Alan Dominguez hired – 35? Security Threat Coordinator 4/2013.

- I don't know if Romero was involved for this position. I've applied for my job and I didn't ___ getting interviewed.

- I _____ to Cabinet Secretary/Deputy Secretary.

- I _____ ____ retaliate if you complain – they'll find something on your

Edward Gonzales

11/21/13

Redacted

Redacted

DOB   Redacted

12/3/11 – Deputy Director of Probation Parole – Santa FE
Filled by Rose Bobchak, 42?

26-34/ Mo currently

15% increase if I got that Deputy Director position.

if does not want to pursue – fear of retal.

EEOC0001063

## EDWARD GONZALES
**Contact Notes 10-21-13**

- DOB - Redacted

- 12-3-11 – Deputy Director of Probation Parole – Santa Fe – Filled by Rose Bobchak 42?

- 26 34/HR currently

- 15% increase if I got that Deputy Director position

- CP does not want to pursue – fear of retal.

CP Contact

11/7/13

- Richard Henderson
- (505) 859-2308 - New #

- 7/2010 - Major

- pay difference $7/HR pay difference.
pay difference continues to the present.

- also 400 HR³/year in OT each year.

$7/HR per year = 14,560

for 6 months = $7,280 (7-12/2010)

3 yrs × 14,560 = 43,680 - 3 years
                + 7,280 - 6 months 2010
                $50,960 Total Wages

Liquidated = $101,920

EEOC0002189

CP Contact

11/7/13

Richard Henderson (505) 859-2308 – new #

7/2010 Major

Pay difference $7 hr – pay difference

Pay difference continued to the present

Also 400 Hrs/year in OT each year$7 hr per year = 14,560

Per b month = $7,280 (7-12/2010)

3 yrs x 14,560 = 43,680 – 3 years + 7,280 (6 months 2010)

Total damages $50,960

Liquidated = $101,920

3/3/14

phone

Burton Longsbury —

[Redacted]

[Redacted]

L.P. resigned.
2/20/14
— He's a good guy & he's willing to leave.

Anthony Taranello — Maintenance Supv.
Mid 30's

— write up 2/18/08 — for allegedly sleeping
on the job / Inactive on duty! but it
was due to prescript from.

2/2010 — tried to accuse me of sleeping
again. Called Dean Charny/Director & we
talked about it — still written up
for sleeping on the job.

12/6/13 — Tarmillo said cf was reading
newspaper on the job/ wasting time.
Inactive on duty.

Complained about Harassment/Retal to Warden
11/2013 — Complained to Warden Stewart
harassment & retal for the prior EEO
complaint he filed. Mid 2010

EEOC0000702

Jaramillo when discussed his prior
Charge.

EEOC0000703

## <u>BURTON LOUNSBURY</u>
## Phone Contact Notes 3-3-14

- CP resigned 2/28/14

- He's a young guy & he's willing to learn

- Anthony Jaramillo – Maintenance Supv. Mid 30's

- Write up 2/18/08 – for allegedly sleeping on the job/[illegible] on duty. But it was [illegible]

- 2/2010 – tried to accuse me of sleeping again.  Called Dean Chavez/Director to talk about it – still written up for sleeping on the job

- 12/06/13 – Jaramillo said CP was [illegible]

- Complained about [illegible] to Warden 11/2013 – Complained to Warden Stewart harassment & retaliation for the prior EEO complaint he filed mid 2010

- Jaramillo [illegible]

Beatrice  Narcisco      (505) 910-2111
Box 9911
ABQ, NM  87119

phone | Redacted |                      DOB 3/6/52

- LM Long Correctional facility.  2/2/13

- Applied for Behavioral Health Transport Supervisor - 10/2013

- I was interviewed.  11/2013 - Did not get job.

- Family selected Lisa Gossett - 39 yrs. old

- She has Masters from Ordine University.

- Bryan McDermott, Terry Griffin on the interview panel.

- I was not employed by the State at the time.

- $12,000/yr promotion if I got the position.

- CF never complained about age discrimination.

EEOC0001053

*[handwritten notes, partially illegible]*

— Hospitalization — don't feel she has a chance of ___ promoted.

— I had much greater qualifications.

— I believe it may be affecting my blood pressure — but not sure. — Also affecting my sleep

EEOC0001054

## <u>BEATRICE NARCISCO</u>
[undated] Phone

• Los Lunas Correctional Facility 2/2/13
• Applied for Behavioral Health Therapist Supervisor – 10/2013
• I was interviews 11/2013 – did not get job.
• Female selected Lisa Gossett – 39 yrs. old
• She has masters from _____ university.
• Brian McDermott, Terry Griffin on the interview panel.
• I was not employed by the state at the time.
• $12,000/yr promotion if I got the position.
• CP never complained about age discrimination.
• _____ - don't feel she has __ chance of getting promoted.
• I had much greater qualifications.
• I believe it may be affecting my blood pressure – but not sure. – Also affecting her sleep.

9/24/10 filed initial charge.

## INTAKE NOTES

- Retaliation for (of him) witness in Henderson's charge.

  5/11 Interview

- 5/19 - Contemplated Action for Suspension based 12/10 1990 work improvement plan. all these issues had already been resolved and he was bringing them up again almost 6 months later.

- trying to set up up to fire him.

- Romero is the hearing officer & he is the one making the allegations.

- Micro managing and looking for reasons to write him up and get rid of him.

---

11-13-56
3911 Oakmount Dr. SE
Rio Rancho 87124

- Francis Tenorio - 977-3934
  Contact.

<u>Robert Tenorio</u> - CP contact 12/7/11



~~dig~~ 301-6534 cell #

<u>George Tapia</u> - witness the retirement meeting.
Tapia also was in on it - he wanted
me out of there too.

- I never mentioned retirement. This was brought
up by Romero.

I called the meeting to try & resolve the reklickness
and error I was having w/out having to
go to an outside source.

- Romero was angry - his whole intent was to get
rid of me. I think he was jealous of
my knowledge/ability that I had.

- Romero said took the reprimands out of my
file if I retired.

<u>WIP</u>

- Heather Gonzales & Romero were present during the
meetings. This was 1/month I was getting written
up for something.

- Romero was just saying I messed up. There was
no constructive criticism or trying to help
me improve my alleged poor performance.

EEOC0000146

Rivera would try to fabricate a document
things so he could get rid of me.

- Rivera was demoted to Santa Fe. - 3. Spring of 2011.

Redacted

~edacted

edactec

Redacted

~edacted

EEOC0000147

**Transcription  Undated        Robert Tenorio**

Intake notes

09/24/10 filed initial charge

Retaliation for being a witness in Henderson's charge

05/11 interview

05/19 – Contemplated Action for Suspension filed 12/10; issued Work Improvement Plan; all these issues had been resolved and he was bringing them up again – almost 6 months later.

Trying to set up to fire him.

Romero is the _____ officer and he is the one making allegations. Romero _____ and looking for reasons to write him up and get rid of him.

11/13/1956

3911 Oakmont Dr SE

Rio Rancho 87124

Frances Tenorio 977-3934 – contact

Robert Tenorio CP contact 12/07/11 301-6534 cell

George Tapia – witnessed the retirement meeting. Tapia was in on it; he wanted out of there too.  I never mentioned retirement. This was brought up by Romero.

I called the meeting to try and resolve the retaliation and issues I was having without having to go to an outside source.

Romero was angry. His whole intent was to get rid of me. I think he was jealous of my knowledge/ability that I had.  Romero said he'd take the reprimands out of my file if I retired.

WIP

Heather Gonzales and Romero were present during these meetings. These were once a month; I was getting written up for something. Romero was just saying I messed up. There was no constructive criticism or trying to help me improve my alleged poor performance.

Romero would try to fabricate and document things so he could get rid of me.

Romero was demoted to Santa Fe – Spring 2011.

**State of New Mexico**
**Corrections Department**
Central Office Administration
4337 State Road 14, Santa Fe, NM 87508
PO Box 27116, Santa Fe, NM 87502-0116
www.corrections.state.nm.us
Phone: 505.827.8600 - Fax: 505.827.8220

**Gregg Marcantel**
Secretary 505.827.8884

**Vacant**
Deputy Secretary of Administration
505.827.8631

**Joe W. Booker, Jr.**
Deputy Secretary of Operations
505.827.8667



**Susana Martinez**
Governor

Administrative Services 505.827.8601
Adult Prisons 505.827.8767
Corrections Industries 505.827.8906
General Counsel 505.827.8698
Information Technology 505.827.8713
Probation & Parole 505.827.8830
Office of Recidivism Reduction 505.827.8541
Training Academy 505.827.8900

"We commit to the safety and well-being of the people of New Mexico by doing the right thing, always."

October 7, 2014

Mr. Jeff Stuhlmann, Federal Investigator
U.S. Equal Employment Opportunity Commission
Albuquerque Area Office
505 Marquette, NW, Suite 900
Albuquerque, NM 87102

Dear Mr. Stuhlmann,

After careful consideration, the New Mexico Corrections Department declines the EEOC's offer of conciliation in the matters of charges #543-2011-00991, #39B-2011-00158 & #543-2010-01360.

Thank you,


Alisson K Safir
 Civil Rights Specialist
 OGC NMCD


P.O. Box 27116

Santa Fe, NM 87502-0116

Direct: 505.827.8663

Email: Alisson.Safir@state.nm.us

**EXHIBIT DD**

EEOC0002185