IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

vs.                                                                                                                              Civ. No. 15-879 KG/KK

STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Motion to Dismiss), filed November 11, 2016 and Plaintiff's Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment (Motion to Convert), filed February 7, 2017. (Docs. 144, 178). Both motions are now fully briefed. (Docs. 153, 175, 182, and 192). The Court held a hearing on the Motions on November 2, 2017, at which Michael Baskind appeared for Plaintiff Equal Employment Opportunity Commission (EEOC) and Ellen Casey appeared for Defendant New Mexico Department of Corrections (NMDC). Having considered the Motions, oral arguments, and applicable law, the Court will deny all requested relief and order EEOC to file a supplemental pleading.

**I. Background**

This is an age discrimination case arising from NMDC's alleged failure to promote correctional officers over the age of 40. EEOC filed the case on September 30, 2015 under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. on behalf of three charging parties and an unidentified group of other aggrieved individuals.

EEOC alleges that NMDC failed to promote Richard Henderson and Jerry Martinez to the position of Major at Central New Mexico Correctional Facility because they were both over the age of 40. Complaint at ¶¶ 20 – 25. Former Warden Anthony Romero (age 38) allegedly told Henderson and Martinez that while they were qualified for the Major position, he selected a 31-year-old candidate because he was looking for someone with "longevity." *Id.* at ¶ 27. Lieutenant Paul Martinez (age 58) also was allegedly passed over in favor of younger candidates for reassignment to the desirable Security Threat Intelligence Unit. *Id*. at ¶¶ 73-74. When Henderson complained, Warden Romero allegedly directed Robert Tenorio (age 53) to uncover a policy violation by Henderson. *Id*. at ¶ 47. Tenorio refused and later participated as a witness in Henderson's EEOC complaint. *Id*. at ¶¶ 49-52. Warden Romero then retaliated by, inter alia: (1) accusing Tenorio of time sheet fraud and ultimately discharging him and (2) transferring Henderson to less desirable units. *Id*. at ¶¶ 34-41; 53.

EEOC alleges NMDC and Warden Romero engaged in similar discrimination against other aggrieved individuals. Specifically, EEOC asserts that since January 2009 to at least December 2014 and continuing, NMDC denied employment opportunities to unidentified workers 40 and over based on their age. *Id.* at ¶¶ 66, 70. EEOC also alleges Warden Romero: (1) made many of the decisions to deny employment opportunities to older workers; (2) used ageist comments about longevity, preferring younger workers, and not promoting employees near retirement; and (3) instilled a culture of age discrimination that continues to be applied by NMDC. *Id.* at ¶¶ 67-69. EEOC seeks an injunction requiring policy changes and money damages for any individual adversely impacted by the discrimination. *Id.* at ¶¶ A-F.

The Amended Complaint alleges three counts (Counts I, II, and IV) on behalf of a class of unidentified aggrieved individuals under 29 U.S.C. §§ 623(a)(1) (age discrimination) and 623(d)

2

(retaliation). NMDC now moves to dismiss those counts with respect to the unidentified aggrieved individuals pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 144). NMDC argues those claims are insufficient under the *Twombly/Iqbal* standard and that EEOC failed to provide sufficient notice about any additional aggrieved individuals during the pre-filing conciliation period. (Doc. 144, 175). In support of these arguments, NMDC proffered various exhibits relating to EEOC's investigation and conciliation. (Exhibits to Doc. 144).

EEOC opposes the Motion to Dismiss in its entirety. (Doc. 153). However, in the event the Court is willing to entertain evidence regarding pre-filing communications, EEOC asks that the Motion to Dismiss be converted to a summary judgment proceeding. (Doc. 178 ). According to EEOC, the converted motion should then be denied as moot, as NMDC already filed a summary judgment motion addressing the adequacy of EEOC's pre-filing investigation and conciliation and the timeliness of any post-RCD claims. (Doc. 270) Alternatively, if the Motion to Dismiss is not converted and the Court determines the allegations must be supplemented, EEOC is willing to amend its pleading.

**II. Standard of Review**

The Court must treat the Motion to Dismiss as a Rule 12(c) motion for judgment on the pleadings because it was filed after the answer. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002) (noting that "motion [filed] after … the answer… should generally be treated as a motion for judgment on the pleadings"). A Rule 12(c) motion uses the same standard of review that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). The Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007).

To survive a motion to dismiss, the plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that merely sets forth labels, conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *See Twombly*, 550 U.S. at 555.

## III. Discussion

EEOC litigation is complex and unique, and this case is further complicated by its procedural posture. The Court's task here is two-fold: First, it must determine how and when to address each issue in a procedurally correct fashion. Then, it must evaluate the parties' substantive arguments. Each step is detailed below.

### *A. Conversion to Summary Judgment Proceeding*

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010). There are three limited exceptions to this rule, allowing the Court to consider: "(1) documents that the complaint incorporates by reference…; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity …; and (3) matters of which a court may take judicial notice." *Id.* (internal citations omitted). If a party presents materials that do not fall within these exceptions, the Court must either exclude the materials or convert the matter to a summary judgment proceeding. *See* Fed. R. Civ. P. 12(d); *Geras v. International Business*

4

*Machines Corp.*, 638 F.3d 1311, 1314 (10th Cir. 2011) (holding that district courts have discretion to either exclude evidence or convert when extraneous materials are presented).

The controversial exhibits NMDC seeks to proffer include: (1) requests for information propounded on NMDC by EEOC (Exhibit E); (2) EEOC's letter to NMDC employees soliciting information or claims (Exhibit F); and (3) letters and e-mails between the parties relating to EEOC's efforts at conference, conciliation, and investigation (Exhibits H - K) (together, Contested Exhibits) (Doc. 144).[1] NMDC argues these exhibits were "implicitly referenced" in EEOC's allegations regarding its pre-filing investigation. Courts have consistently rejected his argument, holding that the above exceptions do not include implicit, subtle, or passing references to extraneous evidence. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("Merely mentioning a document in the complaint will not satisfy th[e] standard" for considering extrinsic evidence); *Freeman v. Town of Hudson,* 714 F.3d 29, 36 (1st Cir. 2013) (same); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 124 (S.D.N.Y. 2010) (collecting cases and excluding evidence where "[p]laintiffs only make a single implicit reference to the email"). The Court therefore cannot consider the Contested Exhibits under Rule 12(c).

Given the choice, NMDC favors exclusion rather than conversion to ensure any distinct arguments about notice pleading are not subsumed by a converted summary judgment motion. The Court agrees with this approach and will exclude the Contested Exhibits and deny the Motion to Convert. The parties will also be permitted to amend their pending summary judgment motions to include any evidence or arguments not considered in this ruling.

---

[1] The Court need not address whether the charge letters and other official EEOC notices marked as Exhibits A, B, C, D, and G can be considered, as all parties agree they are incorporated in the Amended Complaint and/or central to EEOC's claims. (Doc. 192) at 7.

### B. Scope of this Ruling

Much of the oral argument was devoted to the scope of the Motion to Dismiss, assuming it would not be converted. NMDC asks the Court to consider the lack of actual pre-litigation notice as part of the notice pleading inquiry, including its knowledge about the potential number of claimants, facilities, and wrongdoers. According to NMDC, any potential recovery should be limited to the claimants it actually knew about when conciliation concluded in September of 2013.

NMDC's arguments about notice and timeliness are predicated on the same proposition of law, namely that the EEOC may only bring claims for wrongdoing that was discovered and disclosed during conciliation. *See EEOC v. Original Honeybaked Ham Co. of Georgia, Inc.,* 918 F.Supp.2d 1171 (D. Colo. 2013) (holding that the EEOC may pursue Title VI claims for additional wrongdoing only if it "give[s] notice … of the newly discovered conduct and … an opportunity to conciliate all charges before a lawsuit is filed"); *EEOC v. CRST Van Expedited, Inc.,* 679 F.3d 657 (8th Cir. 2012) (while "[t]he EEOC may seek relief [under Title VI] … for alleged wrongdoing beyond those originally charged, it must discover such individuals and wrongdoing during the course of its investigation") (citations omitted).

However, *Honeybaked Ham* and *CRST* both hinged on the adequacy of the EEOC's pre-litigation investigation and conciliation and were decided after taking evidence under Rules 56 or 12(b)(1).[2] NMDC has not cited, and the Court has not uncovered, any authority suggesting that actual pre-litigation notice is relevant to whether a complaint states a cognizable claim. And

---

[2] This is true also with respect to the additional authorities cited by NMDC. *See EEOC v. American Samoa Government,* 2012 WL 4758115 (D. Hawai'i Oct. 5, 2012) (decided on summary judgment); *EEOC v. Jillian's of Indianapolis, Ind., Inc.,* 279 F.Supp.2d 974, 979 (S.D.Ind. 2003) (same); *EEOC v. Dillard's Inc.,* 2011 WL 2784516, at *5 (S.D. Cal. July 14, 2011) (decided under Rule 12(b)(1); *EEOC v. CollegeAmerica Denver, Inc.,* 2015 WL 6437863 (D. Colo. Oct. 23, 2015) (same).

*Honeybaked Ham* and *CRST* demonstrate, what the employer knew during conciliation is inextricably related the adequacy of the conciliation process, which is the topic of the NMDC's pending summary judgment motion.[3]

Even if the Court were inclined to address the issues separately, the admitted exhibits are insufficient to determine what NMDC knew before September 26, 2013. EEOC also has not had a fair opportunity to respond to that issue; although it was a focus of oral argument, the Motion to Dismiss emphasized pleading defects. Finally, a motion to dismiss typically is not the correct vehicle for determining whether a claim is barred based on when it arises. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (stating a claim can only be dismissed as untimely when it is "obvious[ly] [barred] from the face of the complaint and no further factual record is required to be developed").

For these reasons, and to allow the parties to preserve and fairly present all relevant issues, the Court will confine its review to the sufficiency of the Complaint and any uncontested exhibits. As discussed above, the parties may amend their summary judgment motion to supplement any evidence and arguments regarding actual pre-litigation notice and timeliness.

### C.  *Whether EEOC's allegations are sufficient under Twombly/Iqbal*

To demonstrate age discrimination under the ADEA, the plaintiff must allege the aggrieved parties: (1) are over 40 years of age; (2) suffered an adverse employment action; (3) were qualified for the positions at issue; and (4) were treated less favorably than others not in the protected class. *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010). A

---

[3] For example, in its Motion for Partial Summary Judgment NMDC argues it was "never advised of these claims or claimants during the investigation or conciliation. NMDC had no notice that it was facing multiple claims by EEOC or behalf of these 99 [additional claimants]. …" (Doc. 270) at 2. NMDC also argues: "EEOC's claims on behalf of the [additional claimants] arising *after* the RCDs and *after* the EEOC's conciliation declared relevant time period, should not be allowed to proceed in this litigation." *Id.* at 14.

retaliation claim under Section 623(d) requires a showing that (1) the employees engaged in a protected activity; (2) the employer took a subsequent materially adverse action against them; and (3) a causal connection exists between the protected activity and the adverse action. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1122–23 (10th Cir. 2007).

In an ordinary case, the Court would compare the plaintiff's allegations with the above elements to determine whether the complaint states a plausible claim for discrimination. Here, the only plaintiff is EEOC, the federal agency charged with enforcing the ADEA. "[T]he EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 288 (2002). "When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *General Telephone Co. of Northwest v. EEOC*, 446 U.S. 318, 325 (1980).

Consistent with this role, EEOC may "bring actions aimed at seeking a remedy on behalf of all affected persons" without providing details about each aggrieved party in the complaint.[4] *E.E.O.C. v. St. Louis-San Francisco Ry. Co.,* 743 F.2d 739, 744 (10th Cir. 1984); *see also E.E.O.C. v. United Parcel Service*, 860 F.2d 372, 374, 376 (10th Cir. 1988) (stating that "the EEOC need not produce an injured party when seeking to challenge an allegedly discriminatory policy that may affect unidentifiable members of a known class"); Donald R. Livingston, *EEOC Litigation and Charge Resolution*, Ch. 6 VI (BNA 2005) (noting that "courts usually permit the EEOC to file a classtype lawsuit that seeks a remedy for all persons aggrieved by the

---

[4] This proposition of law applies to the issue presently before the Court, *i.e.* the amount of information an EEOC Complaint must include about unidentified aggrieved individuals. As discussed above, the Court makes no determination about whether EEOC can succeed in asserting claims for wrongdoing that was discovered and disclosed after conciliation.

[r]espondent's allegedly discriminatory practice"). EEOC may then conduct additional discovery to determine the impact of the alleged discrimination.[5] *St. Louis-San Francisco Ry. Co*, 743 F.2d at 744 (reversing district court after it "cut the EEOC off from its investigative function by preventing the EEOC from discovering other possible victims of the company's" discriminatory polices). "EEOC has th[ese] power[s] without regard to the requirements of class action suits." *Id.*

There is no binding case law addressing how much information the EEOC's complaint must provide about unidentified parties. A number of district courts have suggested that the complaint must identify: (1) specific facts about the charging parties; (2) a description of the class (*e.g.,* "employees over age 40"); (3) a description of the discriminatory conduct (*e.g.,* sexual harassment, negative age-related comments, untenable leave policies); and (4) the time frame during which the discrimination occurred. *See, e.g., E.E.O.C. v. Man Mar, Inc.,* 2009 WL 3462217, *3-4 (S.D. Fl. Oct. 22, 2009) (sufficient ADEA complaint described types of discrimination, age range, and examples of negative age-related comments); *E.E.O.C. v. Hi-Line Elec. Co.,* 805 F.Supp.2d 298, 309 (N.D. Tex. 2011) (ADEA complaint sufficiently described dates, times, and how the defendant's employment system was potentially discriminatory towards class members).[6]

---

[5] *See supra,* note 4.

[6] *See also E.E.O.C. v. Nichols Gas & Oil, Inc.,* 2006 WL 692345, * 4 (W.D.N.Y. March 13, 2006) (complaint should include general description of discriminatory acts; time frame within which they occurred; and who primarily perpetrated harassment); *E.E.O.C. v. United Parcel Service, Inc.*, 2013 WL 140604, * 6 (N.D. Ill. Jan. 11, 2013) (complaint should include specificity as to charging parties and description of relevant time frame, class, types of challenged conduct, and requested remedies); *EEOC v. McIntyre Group, Ltd.*, 2007 WL 4365367, at *3 (N.D. Ill. Dec. 11, 2007) (Complaint should provide: "(1) relevant time period during which alleged unlawful acts occurred, (2) specific facility at which they allegedly occurred, (3) [a description of the protected class] … (4) specific unlawful acts that were allegedly perpetrated, and (5) specific protected activities [defendant] … allegedly acted to thwart."); *EEOC v. 5042 Holdings Ltd.*, 2010 WL 148085, at *2 (N.D.W.Va. Jan. 11, 2010) (complaint should identify statute at issue, time frame, perpetrators, specific claims about presently identified victim/charging parties,

Courts are more permissive about the class-type allegations where the complaint is very specific about the charging parties. *See, e.g, Original Honeybaked Ham Co. of Georgia, Inc.,* 918 F.Supp.2d at 1180 ("[t]he greater the specificity in describing the alleged unlawful conduct, the less important it becomes to specifically identify aggrieved persons"); *E.E.O.C. v. Harvey L. Walner & Associates,* 91 F.3d 963, 968 (7th Cir. 1996) (stating EEOC may generally allege whatever unlawful conduct it has uncovered during the course of its investigation, provided it relates to charging parties' allegations).[7]

Applying these principles, the Court concludes the Complaint states a plausible claim for relief on behalf of the unidentified aggrieved individuals. Counts 1, 2, and 4 allege all of the necessary statutory elements of age discrimination and retaliation claims under 29 U.S.C. §§ 623(a)(1) and (d). Complaint, ¶¶ 76 -91; ¶¶ 98-102. The Complaint sets forth detailed factual allegations about the charging parties' qualifications, Warden Romero's ageist explanations for denying promotions, and the various ways in which he retaliated against anyone who complained. *Id.* at ¶¶ 15-65. To demonstrate how other aggrieved individuals were impacted, the Complaint describes: (1) the types of discrimination at issue; (3) the class (NMDC workers over the age of 40); and (4) the duration of the discriminatory conduct (since 2009 and ongoing). *Id.* at ¶¶ 66-75. EEOC also alleges Warden Romero was transferred to NMDC's Santa Fe location and has instilled a culture of age discrimination that is applied throughout the agency. *Id.* at ¶¶ 42-69. If

---

description of the class, types of discriminatory conduct, and remedies being sought).

[7] *See also E.E.O.C. v. Thomas Dodge Corp. of N.Y.,* 524 F.Supp.2d 227, 234 (E.D.N.Y. 2007) (stating general allegations about hostility towards a group of similarly situated female employees was sufficient where complaint contained specificity about the charging parties); *E.E.O.C. v. PBM Graphics Inc.,* 877 F.Supp.2d 334, 347 (M.D.N.C. 2012) (declining to dismiss EEOC's "thin[] … factual allegations" about other aggrieved individuals); *E.E.O.C. v. Sears, Roebuck and Co.,* 2005 WL 2664367, * 2 (N.D. Ill. July 22, 2005) (permitting generalized allegations that Sears had inflexible leave policy which failed to accommodate disabled persons); *E.E.O.C. v. U.S. Steel Corp.,* 2012 WL 3017869, * 9 (W.D. Pa. July 23, 2012) (denying motion to dismiss where EEOC generally referred to class of unidentified employees who were also subject to employer's random alcohol testing policy).

these allegations are true, it is not difficult to envision how the alleged discrimination impacted more than three workers. The Court therefore declines to dismiss the Complaint under the *Twombly/Iqbal* standard.

### C. <u>Whether EEOC is otherwise required to name each aggrieved party under the "party plaintiff" rule contained in 29 U.S.C. § 216(c)</u>

NMDC also argues EEOC's claims on behalf of the unidentified aggrieved individuals violate the "party plaintiff" rule contained in 29 U.S.C. § 216(c). Section 216(c) sets forth the procedural requirements for recovering back pay and liquidated damages under the Fair Labor Standards Act ("FLSA"). These requirements are incorporated in the ADEA. 29 U.S.C. § 626(b).

Section 216(c) provides, in relevant part:

> The [EEOC] may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages.... The right … to bring an action by or on behalf of any employee to recover [such wages and damages] … and of any employee to become a *party plaintiff* to any such action shall terminate upon the filing of a complaint by the [EEOC]…. In determining when an action is commenced by the [EEOC] … under this subsection for the purposes of the statutes of limitations provided in section 255(a) of this title, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a *party plaintiff* in the complaint, or if his name did not so appear, on the subsequent date on which his name is added as a *party plaintiff* in such action.

29 U.S.C. § 216(c) (emphasis added).

By its terms, Section 216(c) sets two relevant limitations: (1) it terminates an employee's right to become a "party plaintiff" in a private employment action when the EEOC files its own suit; and (2) it establishes when the statute of limitations begins to run on certain FLSA enforcement actions. Section 216(c) does not appear to require the EEOC to name each aggrieved employee at the outset of the case. *See, e.g., E.E.O.C. v. Pan American World*

*Airways, Inc.*, 897 F.2d 1499, 1506 (9th Cir. 1990) (stating that under Section 216(c), "[a]n EEOC age discrimination suit commences with the filing of the complaint, regardless of whether the complaint names specific individual employees."); *E.E.O.C. v. Chrysler Corp.,* 1989 WL 100757, * 1 (E.D. Mich. May 15, 1989) ("individual claimants are not themselves the 'plaintiffs' under" the ADEA and Section 216(c)); *Appeal of Obojski,* 861 F.2d 721 (6th Cir. 1988) (stating that although EEOC complaint terminated employee's right to sue under Section 216(c), she could still recover if she was "similarly situated" to employees named in complaint). Imposing this requirement may also conflict with Tenth Circuit law allowing the EEOC to sue on behalf of unidentified parties. *See St. Louis-San Francisco Ry. Co.*, 743 F.2d at 744; *United Parcel Service*, 860 F.2d at 374.

Nevertheless, NMDC urges the Court to adopt the Fifth Circuit's position that the EEOC can only recover "back wages and liquidated damages [under Section 216(c)] on behalf of employees specifically named in the complaint." *Ford v. Troyer,* 1998 WL 546424, * 1 (5th Cir. 1998). Other fifth circuit cases, however, clarify that the individual employees can "be identified in the complaint or *in a pleading equivalent to it*." *E.E.O.C. v. Hernando Bank, Inc*., 724 F.2d 1188 (5th Cir. 1984) (emphasis added). *See also Hi-Line Elec. Co.,* 805 F.Supp.2d at 307 (finding that EEOC satisfied party plaintiff requirement by naming each employee in amended complaint). Section 216(c) therefore does not mandate dismissal where, as here, the universe of claimants can be identified in an amended pleading.

At oral argument, EEOC offered to file an amended complaint to satisfy the party plaintiff rule, if it in fact applies. The Court agrees EEOC should identify each aggrieved individual in the record, but will instead order EEOC to file a supplemental pleading. *See* Fed. R. Civ. P. 15(d) (allowing supplemental pleading to address matters that arose after complaint, and noting that

"[t]he court may permit supplementation even [if] the original pleading is defective in stating a claim or defense"). A supplemental pleading will be less disruptive at this phase in the litigation because an amendment triggers various obligations and deadlines on the part of the defendant. NMDC is permitted, but not required, to respond to EEOC's supplemental pleading. *See* Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time."). When crafting any response, NMDC is advised that the Court would prefer to address additional substantive arguments through the summary judgment proceedings.

Based on the foregoing, IT IS ORDERED that the Motion to Dismiss (Doc. 144) and the Motion to Convert (Doc. 178) are denied;

IT IS FURTHER ORDERED that within fourteen (14) days of entry of this order, EEOC shall file a supplemental pleading listing the names of each aggrieved party involved in this lawsuit; and NMDC may file an optional response within fourteen (14) days of service of the supplemental pleading.

IT IS FURTHER ORDERED that within twenty-one (21) days of entry of this order, EEOC and NMDC may amend their Motions for Partial Summary Judgment (Docs. 220 and 270) to include any additional arguments or evidence not considered in this ruling. Thereafter, ordinary response and reply deadlines will apply. The filing of an amended Motion for Summary Judgment will supersede the original motion, such that the opposing party will be excused from filing responses or replies in connection with the original motion.

_____
UNITED STATES DISTRICT JUDGE